Joseph A. BOLDEN, Jr., Petitioner,

v.

Donald C. CLEMMER, K. A. Weakley, et al., Defendants.

Civ. A. No. 3111–M.

United States District Court
E. D. Virginia,
at Alexandria.

Feb. 18, 1964.

James Woolls, Alexandria, Va., for petitioner.

Plato Cacheris, First Asst. U. S. Atty., Alexandria, Va., for defendants.

LEWIS, District Judge.

Joseph A. Bolden, Jr., an inmate at the Lorton Reformatory, seeks his release upon the ground the District of Columbia Board of Parole refuses to grant him a parole hearing. The validity of his sentences is not in dispute.

Bolden was sentenced in the United States District Court for the District of Columbia on April 18, 1958, for simple assault and for robbery and carrying a dangerous weapon, said sentences to run concurrently; total sentences, five to fifteen years. He claims he was eligible for parole April 17, 1963. The Board of Parole says he will not become eligible for parole until April 26, 1964. Correct computation of Bolden's parole eligibility date depends upon the validity of his "election against service of sentence" signed April 29, 1958, in the District of Columbia Jail.

The petition was answered by the defendants and the case was heard upon the merits, counsel having been appointed to assist the petitioner in the preparation and trial of his case.

Upon the record thus made, the Court finds:

Bolden was convicted and sentenced in the United States District Court for the District of Columbia on April 18, 1958, in Criminal Case No. 805–57, to a term of one year for the crime of simple assault. He was convicted and sentenced on the same day in Criminal Case No. 127–58 to a term of five years to fifteen years on Counts 1, 2 and 3, and one year on Count

4, said sentences by the counts to run concurrently with the sentence imposed in Criminal Case No. 805–57.

Bolden was immediately thereafter taken to the District of Columbia Jail where he remained until June 2, 1959, at which time he was transferred to the Lorton Reformatory.

He filed a notice of appeal in Criminal Case No. 127–58, April 28, 1958. No appeal was noted in Criminal Case No. 805–57. On April 29, 1958, Bolden signed a form presented to him by Raymond Bernot, Record Unit Supervisor, District of Columbia Jail. The form reads as follows:

"NOTICE TO CONVICTED PERSONS WHO FILE APPEAL

"Under Rule 38(A) (2), Federal Rules of Criminal Procedure, a sentenced person who appeals from his conviction may be transferred lawfully thereafter to the institution designated for service of sentence unless such person elect not to commence service of sentence.

"NAME _____ DCDC NO. _____

"ELECTION AGAINST SERVICE OF SENTENCE

"Having heretofore taken an appeal from my conviction and sentence imposed _____
                            MONTH            DAY                    YEAR
in the _____ District of _____,
                                                        STATE
I now elect not to commence service of said sentence.

"Signed this _____ day of _____ 195

                            _____
                                            Signature

"Witness: _____

                            _____
                                    TITLE

"This form handed to _____ ON
                                        NAME OF PRISONER
_____ who refused to sign the same.
MONTH        DAY        YEAR

"Witnesses:

"NAME _____

_____ "
"NAME

———— ◆ ————

Bolden was again presented this same form by other officials of the District of Columbia Department of Corrections May 8, 1959. He refused to sign it and his refusal was witnessed by the two officials. (Refusal to sign this form was an election on the part of Bolden to commence his sentence, according to the testimony of Bernot.) No reason was given for requesting Bolden to execute this form on that date. Both forms were promptly sent to the Chief Deputy Clerk

of the United States District Court for the District of Columbia with covering letters, citing Rule 38(a), F.R.Cr.P., and the opinion of James M. McInerney, Assistant Attorney General, dated June 7, 1951, as authority therefor. There was no evidence these forms were presented to the District Judge for approval and no order staying Bolden's sentence of imprisonment was entered in Criminal Case No. 127–58.

The Department of Corrections of the District of Columbia concluded from these forms and the original Court commitments that Bolden's time started May 8, 1959.

The records of the District of Columbia Board of Parole shows that Bolden elected not to serve his sentence on April 29, 1958; that thereafter his sentence stopped, which made him ineligible for parole on April 17, 1963, his original parole date. Bolden received no credit for time spent in jail until May 8, 1959, when he elected to serve his sentences.

Bolden admits he signed the April 29th form and refused to sign the May 8th form. He claims he did not understand the import of the paper he signed and that he was not allowed the opportunity to consult with any attorney before being required to submit his election against service of sentence. He further says such an election can only be acted upon by the Court—not by an official of the jail or prison.

Bernot, the jail official who presented the April 29th form to Bolden, said he was acting pursuant to an opinion [1] rendered by James M. McInerney, Assistant Attorney General of the United States, and that he explained the paper to Bolden. (This witness was quite vague and indefinite as to what he actually said.)

The form as presented to Bolden nowhere says the prisoner will not receive credit on his sentence for time spent in jail awaiting the outcome of his appeal. To the contrary it reads:

" * * * a sentenced person who appeals from his conviction may be transferred lawfully thereafter to the institution designated for service of sentence unless such person elect not to commence service of sentence."

The rule quoted, 38(a) (2), F.R.Cr.P., has nothing whatsoever to do with the transfer of prisoners. It reads:

"A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

■ Clearly the rule calls for an election on the part of the prisoner. Such an election must be voluntary [2]—"voluntary" means "with full knowledge of the consequences," especially so when taken from one in custody by his jailor.

Form No. USM–17, prepared by the Department of Justice for use by United States Marshals in similar situations, expressly so provides.[3] A copy of this form is attached hereto.

---

1. The pertinent portion of the Attorney General's opinion reads:
   " * * * we have reached the conclusion that the only remedy is spelled out by an election in writing which is susceptible of only one interpretation."

2. See Allocco v. Heritage, 5 Cir., 310 F. 2d 719 (1962).

3. United States Marshals Manual, Appendix p. 714.02, dated June 9, 1958.

"Department of Justice            Form No. USM–17
  United States Marshals Manual        (ed. 5–20–58)
  Appendix p. 714 A1

———————◆———————

    ■ Bolden's election "against service of sentence" in Criminal Action No. 127–58 was not so given, and the Court declares the paper signed April 29, 1958 to be void and of no effect, and directs that Bolden's sentences be recomputed accordingly.

    If the prisoner then be eligible for parole, his case should be calendared for hearing by the Board of Parole at the earliest practical date. Counsel for the petitioner should prepare an appropriate order so directing, submit it to the United States District Attorney for approval as to form, and it will be accordingly entered.

    ■ Upon the scheduling of the said parole hearing [4], this case will then be dismissed.

4. The granting or refusing of parole rests solely in the discretion of the Board of Parole.