**Curtis E. McCOY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19457.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 27, 1966.

Decided Oct. 27, 1966.

———◆———

Mr. Paul K. Murphy, Washington, D. C. (appointed by this court), for appellant.

Mr. Donald I. Bierman, Sp. Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr.

John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before DANAHER, WRIGHT and LEVEN-THAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Various points are discussed in the brief by counsel appointed by this court. The one that we think merits brief notice relates to appellant's credit on his sentence under 18 U.S.C. § 3568. The sentence was imposed May 21, 1965, for a term of two to six years on conviction of forgery and uttering in violation of D.C. Code § 22–1401, a statute providing a mandatory minimum sentence. Appellant is concededly entitled to a credit for time spent in jail prior to sentencing because of appellant's financial inability to post bail. The question concerns the time spent in jail subsequent to date of sentence. In June 1965 appellant elected not to commence service of his sentence, pursuant to the election permitted by Rule 38(a) (2) as then in effect.[1] Accordingly he stayed in jail and was not sent to the penitentiary to serve his sentence. He signed a printed form reading: "I understand that as a result of making this election I will not receive credit on my sentence for time spent in jail or other place of detention awaiting the outcome of my appeal while this election is in effect."

That form puts a construction on the Rule and on 18 U.S.C. § 3568, that accords with a number of appellate decisions.[2] Counsel now urges upon us that notwithstanding these decisions Rule 38(a) (2) and 18 U.S.C. § 3568 do not require the interpretation indicated by the election form. He urges in the alternative that the statute and rule if so interpreted are unconstitutional, that appellant's constitutional rights embrace

1. Rule 38(a) (2) "Imprisonment. A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail." For the rule as amended in 1966, see note 3.

2. *E. g.*, Alloco v. Heritage, 310 F.2d 719 (5th Cir. 1962); United States v.

Cortese, 244 F.2d 872 (2d Cir. 1957); Baker v. United States, 139 F.2d 721 (8th Cir.), cert. denied Baker v. Hunter, 323 U.S. 740, 65 S.Ct. 44, 89 L.Ed. 593 (1944); Tilghman v. Hunter, 168 F.2d 946 (10th Cir. 1948).

the right to an effective appeal, that his presence in or near the District of Columbia is an essential element of an effective appeal, and that he made his election in order to be certain that the Attorney General would not exercise his authority to designate the place of confinement, 18 U.S.C. § 4082, to assign appellant to a penitentiary distant from the District. Under these circumstances, he claims, it is invidious discrimination, within the principle of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), that appellant should be in confinement without credit in order to consult with counsel while non-indigent defendants can achieve these rights without confinement.

The Government responds that appellant cannot overturn his voluntary election, and points out that as a matter of practice District prisoners serving in a penitentiary have been confined in Lorton Reformatory, with arrangements made routinely for their transfer to the District of Columbia on request of counsel in order to permit conference.

The Government emphasizes that the Supreme Court addressed itself to elimination of elections resulting in the unfortunate accumulation of "dead" time, by modifying Rule 38(a)(2) so as to terminate the election under discussion, but issued this amendment[3] February 28, 1966, to be effective July 1, 1966, and did not provide any retroactive effect. The Government agrees that appellant's confinement in jail after July 1, 1966 is considered service of sentence subject to credit under 18 U.S.C. § 3568.

We do not find it needful to consider the question further, as we agree with the Government that this appeal from a conviction is not a proper occasion to consider this sentencing and credit question, which has in no way been presented to the District Court. Following an affirmance, counsel for appellant may apply to the District Court for change in the sentence under Rule 35, calling attention inter alia to the unusual time lapse prior to appellate consideration of his appeal, due primarily to withdrawals by appointed counsel. We assume that the District Court in exercising its authority will give heed to the spirit of the remedial amendment to Rule 38. Compare Stapf v. United States, 125 U.S.App.D.C. ——, 367 F.2d 326. (August 4, 1966).

We rule against appellant on the merits of his conviction. Although the points do not require discussion, we wish to express our appreciation to appointed counsel. Prior appointed counsel moved to withdraw for lack of a non-frivolous question. When his motion was granted the court was left in the unsatisfactory position of considering the case on the submission of appellant pro se. We appointed counsel with request for a supplementary brief. Compare, Johnson v. United States, 124 U.S.App.D.C. 29, 360 F.2d 844, 845 (1966) (concurring opinion of Judge Burger). In brief and at argument he discharged this delicate assignment to our complete satisfaction.

Often our work load and unwillingness to add unnecessarily to the bulk of reported decisions lead us to confront appointed counsel with a mere "judgment affirmed." We are well aware that it is often more difficult to present weak points than strong ones, as well as less rewarding in terms of personal satisfaction to counsel, and that counsel who have struggled with such a case often do so at financial sacrifice, notwithstanding the modest compensation available under the Criminal Justice Act. We assure the

---

3. Rule 38(a)(2) as so amended provides:
   (a) STAY OF EXECUTION
   (2) IMPRISONMENT. A sentence of imprisonment shall be stayed if an appeal is taken and the defendant is admitted to bail. If the defendant is not admitted to bail, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where his appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of his appeal to the court of appeals.

bar that we are fully appreciative of the services rendered to the court as well as the client. The sentiments here recorded must do double duty for the many cases where there is no occasion to do more than note our affirmance.

Affirmed.