Aaron **HODGE** (aka Chic DeLeo),
Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Cr. No. 34125–SD.**

United States District Court
S. D. California.

Oct. 27, 1966.

As Amended March 16, 1967.

---

Warren P. Reese, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Mobley M. Milam, Asst. U. S. Atty., San Diego, Cal., for appellee.

ORDER DIRECTING MOTION BE FILED; GRANTING MOTION; ORDERING PETITIONER MOVED TO SAN DIEGO.

JAMES M. CARTER, Chief Judge.

Petitioner has forwarded to the clerk and there was lodged October 10, 1966, a "Second Motion" to be returned from the U. S. Penitentiary at Terre Haute, Indiana, to San Diego County jail.

The first motion was denied since, among other things, the petitioner had made no written election not to serve his sentence and secondly the Court, despite petitioner's motion, desired he receive credit for the time served.

Although not raised by the petitioner, there has come to the court's attention, the views of the Bureau of Prisons on the July 1, 1966 amendment to Rule 38 (a) (2), Rules of Criminal Procedure.

In the September issue of Federal Probation, p. 61 appears an article by Eugene N. Barkin, Legal Counsel to the Director of Prisons. In discussing the amendment to Rule 38, Barkin states:

"Rule 38(a) (2) was amended to eliminate the defendant's option not to serve his sentence while in confinement pending appeal * * *."

"Again, in view of the provision that the amendment will govern pending matters and elections not to serve relate to appeals, it seems apparent that all prior elections not to serve are extinguished by the amendment."

The Court agrees with the analysis.

Assuming petitioner has elected not to serve his sentence as he claims, then since his appeal is still pending, that election was wiped out by the amendment of July 1, 1966, to Rule 38, Rules of Criminal Procedure.

However, the petitioner has an appeal pending in the Ninth Circuit. A San Francisco attorney was originally appointed by the Circuit. It now appears that a San Diego attorney may be substituted in the case.

Thus, although the petitioner has no right to be removed to San Diego, nevertheless,

It is ordered that

(1) The clerk file the lodged "Second Motion".

(2) The motion to return the petitioner to the San Diego County jail

is granted and the Marshal is directed to move the petitioner to San Diego.

(3) Copies of this order be mailed by the clerk to—

    (a) Warren Reese attorney for petitioner

    (b) Petitioner

    (c) Eugene N. Barkin, Legal Counsel to the Director of the Bureau of Prisons, Department of Justice Washington, D. C.

    (d) The United States Attorney at San Diego.