**UNITED STATES of America,
Appellee,**

v.

**Henry MORTON, Defendant-Appellant.**

**No. 406, Docket 29481.**

United States Court of Appeals
Second Circuit.

Argued April 11, 1967.

Decided May 8, 1967.

Otto G. Obermaier, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., Southern District of New York, and John R. Wing, Asst. U. S. Atty., New York City, on the brief), for appellee.

Edward Farman, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, SMITH and FEINBERG, Circuit Judges.

PER CURIAM.

Henry Morton appeals from a judgment of conviction and a ten-year sentence entered in the Southern District on April 21, 1964, following a jury verdict, on a single count charging the illegal sale of narcotics in violation of 21 U.S.C. §§ 173, 174. His sole contention on appeal is that the trial judge failed to charge the jury that it might "either infer or not infer" from a finding of possession that the heroin was imported and that the defendant knew that to be the case.

As in United States v. Aiken, 373 F.2d 294 (2 Cir. 1967), the trial below took place following our decision in United States v. Davis, 328 F.2d 864 (2 Cir. 1964), where we suggested that the trial judge could do well to rely upon "the clear language of the statute," id. at 866, but prior to our decision in United States v. Armone, 363 F.2d 385 (2 Cir.), cert. denied, 385 U.S. 957, 87 S.Ct. 398, 17 L.Ed.2d 303 (1966), where we recommended following the "better practice" suggested in United States v. Gainey, 380 U.S. 63, 71 n. 7, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). United States v. Armone, supra, 363 F.2d at 392.

In his charge the trial judge merely stated that the government relied upon the "presumption" of Section 174 and he then read the language of the statute, adding a brief explanation which emphasized the need to find possession before the "inference" can arise. The trial judge ought to have made it clear that the inference of illegal importation and the defendant's knowledge that the drugs

were illegally imported was permissible and that the jury could draw the inference or not, as it chose. However, the defendant's counsel made no objection to the charge and illegal importation and the defendant's knowledge of such importation were not contested issues at trial. We do not believe that the charge constituted plain error which we are required to notice under Fed.R.Crim.P. 52 (b). United States v. Aiken, supra, 373 F.2d at 298–299.