**UNITED STATES of America,**
Appellee,

v.

**Charles Edward LAWRENSON,**
Appellant.

No. 11379.

United States Court of Appeals
Fourth Circuit.

Considered on Briefs.

Decided Aug. 17, 1967.

Charles E. Lawrenson, pro se.

Stephen H. Sachs, U. S. Atty., and Paul M. Rosenburg, Asst. U. S. Atty., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

## PER CURIAM.

Charles Edward Lawrenson was convicted of bank robbery in the District Court and sentenced to twenty years' imprisonment. We affirmed the conviction on appeal, 298 F.2d 880, and on later occasions we have affirmed the denial of relief under motions to vacate the sentence. See 315 F.2d 612; 334 F.2d 468. The present appeal concerns Lawrenson's unsuccessful motion in the District Court to correct the sentence of imprisonment by granting him credit for 264 days of presentence custody and for 396 days of post sentence custody. Lawrenson ar-

gues that the principles of our recent opinion in Dunn v. United States, 376 F. 2d 191 (4th Cir. 1967), compel such a reduction in his sentence. For reasons which we will detail, however, we disagree.

### The Presentence Custody

Lawrenson was arrested on September 6, 1959, and, because of his inability to post the required appearance bond, remained in custody through his trial until his sentencing on May 27, 1960. Lawrenson was convicted by a jury of all four counts of a single indictment charging several violations of the federal bank robbery statute.[1] He was sentenced, however, under only the first count of the indictment. His punishment—twenty years—was the maximum authorized for the particular offense charged in that count.[2] Count four of the indictment would have allowed Lawrenson to be sentenced to a maximum of twenty-five years.[3] At the time of sentencing, the District Judge[4] remarked:

THE COURT: * * * I might also say, in imposing sentence, that the Court is taking into consideration the fact that the defendant has been in jail 8 months. Isn't it now 8 months?

MR. LAWRENSON: Yes, sir.

THE COURT: Under the Federal system the sentence begins to run from the date it is imposed, if the defendant chooses to have it run from then, or the defendant may choose to postpone having sentence run from then for reasons of his own. I think this was mentioned before when there was some discussion off the record after the trial. Sentence begins to run from the date of judgment, or from whatever other time is appropriate. There is no credit allowed for jail time until then and, of course, there is no credit allowed for jail time after sentence is imposed if the defendant elects not to have his

1. 18 U.S.C.A. § 2113.

2. 18 U.S.C.A. § 2113(a).

3. 18 U.S.C.A. § 2113(d).

4. Chief Judge Thomsen, who sentenced Lawrenson, also denied his present motion.

sentence run. There has been some discussion about changing the law in that respect, but that is the law as it now stands. The Court has taken into account the fact that the defendant has a fairly long jail period before the imposition of sentence.

The sentence of the Court is that the defendant be committed to the custody of the Attorney General for confinement in such place as he deems proper for a period of 20 years. That is the sentence on the 1st count. The sentence on the 2nd count is the same. There is only one sentence imposed in the whole case because these are not cumulative. There is a question whether the defendant shall be given the maximum sentence of 25 years, or not. The sentence of the Court is 20 years.

On Lawrenson's direct appeal, we held that it had been proper for the District Court to submit all four counts of the indictment to the jury, since there had been no cumulative sentencing for the counts charging related offenses.

At the time that Lawrenson was sentenced, he could not have received credit from the Attorney General for the period of his presentence custody. Shortly after his conviction and sentencing, however, 18 U.S.C.A. § 3568 was amended to provide administrative credit for presentence confinement of defendants convicted of an offense which demanded a minimum mandatory sentence.[5] Ultimately, in 1966, Congress revised § 3568 to allow such administratively-applied credit in all cases.[6] By their express terms, both of these enactments applied only prospectively.

In Dunn v. United States, 376 F.2d 191 (4th Cir. 1967), we discovered in the legislative history of § 3568 an implicit declaration by Congress that in the absence of authorized administrative action,

District Judges normally granted credit for presentence custody themselves by appropriately reducing the particular sentences they imposed. Since the appellant Dunn had been sentenced to the maximum penalty for his crime, his presentence custody clearly had not been taken into account in determining his punishment, contrary to the duty we found incumbent on the sentencing judges. Lawrenson stands in a different light, however.

■ While Lawrenson's twenty-year term was the greatest authorized for the particular count which the District Judge chose to use as the basis of Lawrenson's punishment, the jury's verdict would have supported a maximum sentence of twenty-five years. Moreover, the District Judge's words at the time of sentencing show that he did take Lawrenson's lengthy presentence custody into account. It is a reasonable inference from the Judge's remarks that had Lawrenson not spent a considerable period of time in custody, a greater sentence would have been imposed. On this record we cannot say that Lawrenson was denied the credit to which he was entitled.

■ Lawrenson also contends that he should be allowed credit now because his presentence detention was due to excessively onerous bail. As we have held, however, the District Judge did effectively grant credit, at the time of sentencing for this custody. The reasonableness of Lawrenson's bail is therefore irrelevant for the purposes of our present inquiry.

### The Postsentence Custody

In 1960, when Lawrenson was sentenced, Rule 38(a) (2) of the Federal Rules of Criminal Procedure provided that a defendant could elect not to begin service of his sentence pending his appeal. Lawrenson made such an election, but now seeks to obtain credit for his custody prior to the disposition of his case on

---

5. Act of Sept. 2, 1960, Pub.L. No. 86–691, 74 Stat. 738.

6. Bail Reform Act of 1966, § 4, 80 Stat. 214.

direct appeal.[7]  Lawrenson does not claim that his election was unintentional or unknowing, nor, on this record, could he.[8]

While Rule 38 was revised in 1966 to abolish the opportunity to elect not to begin service of the sentence imposed,[9] the considerations which prompted us in the *Dunn* case to direct the granting of credit are not present.  Under the pre-1966 provisions of Rule 38, neither the Attorney General nor the District Judges could order commencement of a sentence once a defendant had filed his election. Unlike the situation in *Dunn,* there was no chance of unfair application between defendants convicted of different offenses.

■  We are not unaware that transfer to a federal penitentiary distant from the place of temporary local confinement, which would have the effect of election to commence service prior to the amendment of Rule 38,[10] might in some circumstances prejudice the defendant in the prosecution of his appeal.  If prejudice could be shown, an election *not* to commence service of a sentence, resulting in the defendant remaining in the locality of the trial, might "fairly be labeled not voluntary" for purposes of determining whether the defendant intentionally relinquished his right to begin immediate service of his sentence.  See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).  However, on the record before us, together with our knowledge of Lawrenson's past appearances in this court, we find no intimation of circumstances which would have made transfer to a federal penitentiary away from Baltimore prejudicial to Lawrenson.[11] Appellant prosecuted his own appeal, filed his own brief supplementing his lawyer's and sought and was accorded the opportunity to make his own argument on appeal in addition to that of his lawyer.  The entire course of the case undercuts the idea that he needed to remain in Baltimore to retain effective contact with an attorney.  Nor is there any suggestion in the record that Lawrenson would have been disadvantaged in any other way, or that he could reasonably have apprehended disadvan-

7.  While Lawrenson was sentenced on May 27, 1960, and signed a written election under Rule 38 on that day, for some undisclosed reason the election was not filed until December 9, 1960.  According to Lawrenson, his custody until this latter date was counted towards the service of his sentence.  The period after the election was filed until he was finally committed to a federal prison on January 9, 1962, was not.  While it is not at all clear that Lawrenson was entitled to credit for the period between May, when he made his election, and December, when it was actually filed, we are not now disposed to now deny him that credit.  In any event, it does not follow, as Lawrenson claims, that his partial credit somehow invalidated his election under Rule 38.

8.  Lawrenson's written election, signed by him and witnessed by his attorney, reads as follows:

I, Charles Edward Lawrenson, having been convicted and sentenced to imprisonment in the above entitled and numbered criminal case, and having given notice of appeal therein, hereby elect *not* to commence service of said sentence.

I understand that as a result of making this election I will not receive credit on my sentence for time spent in jail or other place of detention awaiting the outcome of my appeal.

In addition, immediately after sentence was imposed, the District Judge discussed at length the election provision of Rule 38;  Lawrenson's remarks then plainly show that he was aware of the consequences of his decision not to begin immediate service of the sentence.

9.  Effective July 1, 1966, Rule 38(a) (2) now provides:

A sentence of imprisonment shall be stayed if an appeal is taken and the defendant is admitted to bail.  If the defendant is not admitted to bail, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where his appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of his appeal to the court of appeals.

10.  See note 9, supra.

11.  Lawrenson is presently confined in the Federal Penitentiary in Atlanta, Georgia.

tage from not making the election but submitting, instead, to transfer to a place of confinement other than Baltimore. He freely exercised his choice and has no basis for complaint.

The judgment of the District Court is affirmed.

Affirmed.