Earl R. **CEPHUS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20926.

United States Court of Appeals
District of Columbia Circuit.

Argued July 24, 1967.

Decided Oct. 23, 1967.

———◆———

Mr. James VanR. Springer, Washington, D. C. (appointed by this court), for appellant.

Mr. Lee A. Freeman, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

## ORDER

PER CURIAM.

This case came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

It appearing that pursuant to this Court's decision in Cephus v. United States, 122 U.S.App.D.C. 187, 188 n. 1, 352 F.2d 663, 664 n. 1 (1965), cert. denied, 384 U.S. 1012, 86 S.Ct. 1956, 16 L.Ed.2d 1031 (1966), Appellant has received credit for jail custody "for want of bail," under then existing 18 U.S.C. § 3568 (1964), see Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966);

█ It further appearing that the commitment, in the circumstances of this case, to St. Elizabeths Hospital (from a non-bail confinement in the District of Columbia Jail) for a mental examination upon Appellant's motion, should be treated in the same manner, for purposes of credit, as the confinement in the District of Columbia Jail pending trial; Stapf v. United States, supra;

█ It further appearing that Appellant's election not to commence service of sentence pending appeal under then-existing FED.R.CRIM.P. 38(a) (2) was voluntary and was made with full knowledge of the consequences, including an express statement on the form that no credit would be given if the election were

made, compare Williams v. United States, D.C.Cir. No. 18,399 (1964) (unreported); Bolden v. Clemmer, 235 F.Supp. 832 (E.D.Va.1964);

█ It further appearing that the supervening change in FED.R.CRIM.P. 38(a)(2) operates prospectively only from the date of the amendment; it is

Ordered that the judgment appealed from is in all respects, hereby affirmed, except insofar as it denied Appellant credit for the time spent in St. Elizabeths Hospital and without prejudice to Appellant seeking consideration by the Department of Corrections, giving "heed to the spirit of the remedial amendment to Rule 38 [FED.R.CRIM.P. 38(a)(2)]." McCoy v. United States, 125 U.S.App. D.C. 202, 203, 370 F.2d 224, 225 (1966), of granting credit for time spent pending appeal. See Gibson v. Sard, 129 U.S.App.D.C. ——, 391 F.2d 468, aff'd by order, October 17, 1967.

PER CURIAM.