**Richard L. BUJESE, Appellant,**

**v.**

**UNITED STATES of America.**

**No. 17093.**

United States Court of Appeals
Third Circuit.

Argued Nov. 22, 1968.

Decided Dec. 30, 1968.

Thomas I. Emerson, New Haven, Conn., for appellant.

Don Allen Resnikoff, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

We deem it necessary to remand this case to the District Court for purposes of holding a hearing. If the District Court finds that Bujese did not, of his own volition, knowingly and intelligently execute the election not to serve his sentence, realizing the effects of such waiver, then the application to reduce his sentence under 28 U.S.C. § 2255 should be granted.

If the District Court finds to the contrary, it may, if it deems it appropriate under all the circumstances, proceed to determine whether it would be "just and practicable", in its opinion, to give retroactive effect to Rule 38(a), Fed.R.Crim. Proc., 18 U.S.C.A., as amended July 1, 1966, to negate Bujese's election, since the instant case was still pending on the effective date of the stated amendment.[1]

The foregoing issues were not presented to this Court at the time of Bujese's former appeal at our No. 15034, 371 F.2d 120 (1967). Concerning these, and any other relevant issues which may be presented, we express no opinion.

Accordingly, the judgment will be vacated and the case remanded with directions to proceed in accordance with this opinion.

---

1. This amended rule "shall govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending" (39 F.R.D. 271). See Leyvas v. United States, 371 F.2d 714, 719 (9 Cir. 1967); McCoy v. United States, 125 U.S.App.D.C. 202, 370 F.2d 224 (1966).