**Allen Eli WRIGHT**

v.

**Olin G. BLACKWELL, Warden, S. Carter, Chief Records Clerk, United States Penitentiary, Atlanta, Georgia.**

**Civ. A. No. 12036.**

United States District Court
N. D. Georgia,
Atlanta Division.

March 6, 1969.

Allen Eli Wright, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for respondent.

## ORDER

EDENFIELD, District Judge.

Petitioner, a prisoner at the United States Penitentiary in Atlanta, filed a civil action in the nature of mandamus seeking credit for presentence custody time and for time spent in custody pending appeal.

The issue as to presentence custody time has been resolved by respondents' answer to the complaint, which concedes that petitioner is indeed entitled to credit for that time.

As to time in custody pending appeal, the records show that on March 12, 1963, petitioner elected not to serve his sentence pending appeal, as he was permitted to do under Rule 38(a) (2) of the Federal Rules of Criminal Procedure as then in effect. In 1966 the Supreme Court amended that rule to eliminate the election-not-to-serve provision.

It is well settled that prior to the 1966 amendment no prisoner could claim credit for time spent in custody pending appeal if he had "elected not to serve". Since the amendment is not retroactive it appeared that custody time prior to the effective date of the amendment would not be allowable in any circumstances.

However, it recently has come to this court's attention that there is a sound basis for believing that credit should be given in cases, such as the instant one, in which appeals were pending at the time the amendment became effective. This conclusion has been reached after a careful examination of the Supreme Court's amending order and of cases in which other courts have construed the effect of the amendment. Those cases which have come to this court's attention all lend support to the contention that the purpose of the amendment was to correct a situation which the Supreme Court had found to be unjust to persons who, wishing to be readily accessible to their attorneys during the period of time between conviction and appeal, were required to spend time in custody for which they received no credit. There is every indication that this purpose can best be achieved by applying the amendment liberally.

In its 1966 order amending the Federal Rules the Supreme Court specifically provided that "the amendments shall take effect on July 1, 1966, and shall govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending." 383 U.S. 1089 (1966). This language certainly does not make the amendment retroactive (i. e., applicable to cases already closed), but it does appear to indicate that the amendment should be applicable to cases which were pending on July 1, 1966. As one district court put it, "All prior elections not to serve are extinguished by the amendment." Hodge v. United States, 41 F.R.D. 548 (S.D.Cal.1966). If the prior election is extinguished, it would appear that the effect should be the same as if the election had never been made. Under this view, petitioner would thus be entitled to credit for the time prior to July 1 as well as for that after July 1.

Although no case exactly in point has been found, there are numerous appellate court opinions in which the 38(a) (2) amendment has been discussed and these opinions uniformly suggest that the interpretation for which petitioner

contends is the correct one. *E. g.*, Gibson v. Sard, 129 U.S.App.D.C. 115, 391 F.2d 468 (1967); Cephus v. United States, 128 U.S.App.D.C. 366, 389 F.2d 317 (1967); United States v. Lawrenson, 383 F.2d 77 (4th Cir. 1967); United States v. Pruitt, 397 F.2d 502 (7th Cir. 1968); Sobell v. Attorney General, 400 F.2d 986 (3d Cir.), *cert. denied*, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968).

In several of the cited cases the appellate court found that there was no right to credit for such time, but in every case in which this was stated, the appeal had been denied long before the amendment became effective, *e. g.*, United States v. Lawrenson, *supra;* United States v. Pruitt, *supra;* Gibson v. Sard, *supra*, and the case therefore was not pending on July 1, 1966. To require that credit be given in those circumstances clearly would be to apply the Act retroactively. Even so, the courts have indicated that while there is no right, as a matter of law, to the credit, it would not be improper for the credit to be *allowed*.

For example, in Gibson v. Sard, *supra*, the Court of Appeals for the District of Columbia found that although the district court was not wrong, as a matter of law, in disallowing time which that petitioner had spent in custody pending appeal during 1964 (after electing not to serve); nevertheless, in view of the 1966 amendment to 38(a) (2), affirmance of the district court's decision was "without prejudice to this appellant's now being allowed credit for the period of his imprisonment * * * taking account of the spirit of 18 U.S.C. § 3568, as amended by the Act of June 22, 1966 [which requires the Attorney General to give credit for any days spent in custody in connection with the offence]."

In an earlier case in the same circuit, McCoy v. United States, 125 U.S.App. D.C. 202, 370 F.2d 224 (1966), appellant attempted to raise on appeal the question of credit for time in custody pending appeal after election not to serve. His appeal, like that of the present petitioner, was pending at the time the amendment became effective, and he, like the present petitioner, had been allowed credit for the time in custody after July 1 but no credit for time prior to July 1. His failure to receive credit for that time was raised on appeal, but since the question had not been raised below the court would not consider it on appeal. Nevertheless, it did point out that "Counsel for appellant may apply to the District Court for change in the sentence under Rule 35 * * *. We assume that the District Court in exercising its authority will give heed to the spirit of the remedial amendment to Rule 38." *Id.* at 225.

In a 1967 case, the Court of Appeals for the Ninth Circuit noted that the Supreme Court had provided that the 1966 amendments to the rules shall govern all criminal cases commenced after July 1, 1966, "and so far as just and practicable all proceedings then pending." Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967). The Court then went on to hold that in the circumstances existing in that case the amendment could be applied to an election filed in 1957, even though the conviction had been affirmed in 1958 and the appeal therefore was not pending when the amendment became effective. [However, there was an appeal pending as to the district court's denial of a motion to correct or modify sentence. The court had reduced petitioner's sentence in 1958 but had set aside that order and reinstated the original sentence upon the Government's motion in 1965, whereupon petitioner filed a motion to correct or modify. It was appeal of denial of this motion which was pending on July 1, 1966. The appellate court found that the district court had reduced the sentence on a ground which was not valid, but it also found that a reduction would be justified now on the basis of the 1966 amendment to 38(a) (2). Accordingly, it remanded the case in order for the court to consider this approach.] Leyvas v. United States, *supra*.

Additional support for allowance of credit in those cases which were pending

**1356**

on the effective date of the amendment can be found in Sobell v. Attorney General, *supra,* in which the court held that the plaintiff could not bring himself within the 1966 amendment to Rule 38 (a) (2) since his case was not a criminal proceeding commenced after July 1, 1966, *and* since no proceeding was pending on that date (his conviction was affirmed on February 25, 1952). It appeared to be implicit in the court's holding that either circumstance would have brought the plaintiff within the amendment's provisions.

In view of the foregoing, this court is of the opinion that consideration should be given to petitioner's claim that he should receive credit for time spent in custody pending appeal after election not to serve.

Accordingly, let respondents show cause within ten days as to why petitioner should not be credited with the 1206 days which respondents' records show have been disallowed.