Petitioner's request for the application of Rule Nisi is denied.

There is no absolute requirement that a hearing be held on a motion to vacate sentence and the court has discretion to make a preliminary review of the record and claim to determine whether a hearing is required. United States v. Hill, 319 F.2d 653 (6th Cir. 1963). We find that this motion does not present any substantial allegations of such a fundamental miscarriage of justice as would justify relief by collateral attack.

Having fully considered each separate allegation made by plaintiff, the court finds that plaintiff is not entitled to the relief sought. The clerk will enter the proper order overruling in all particulars plaintiff's motion.

Allen Eli WRIGHT

v.

Olin G. BLACKWELL, Warden, S. Carter, Chief Records Clerk, United States Penitentiary, Atlanta, Georgia.

Civ. A. No. 12036.

United States District Court
N. D. Georgia,
Atlanta Division.

May 6, 1969.

Allen Eli Wright, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for respondent.

ORDER

EDENFIELD, District Judge.

Petitioner, a prisoner at the United States Penitentiary in Atlanta, filed a civil action in the nature of mandamus seeking credit for presentence custody time and for time spent in custody pending appeal. Respondent has conceded that petitioner should be given credit for his presentence custody time and for all post-sentence time prior to the time he elected not to serve. On March 6, 1969, respondent was ordered to show cause as to why petitioner should not receive credit also for the 1206 days which respondents' records show were disallowed after petitioner filed an election not to serve.

Respondent contends that because the amendment to Rule 38(a) (2) became effective on July 1, 1966, it cannot be applied to any time served prior to that date and that, therefore, no credit should be allowed for any time between the date he elected not to serve (March 12, 1963) and the date the amendment became effective (July 1, 1966).

This latter contention is correct, of course, insofar as it relates to time during that period when petitioner was at large on bail. Respondents' records indicate that he was out on bail for 1096 of the 1206 days. However, for the reasons set forth in the court's order of March 6, 1969, petitioner must be given credit for the 110 days spent *in custody* after electing not to serve pending appeal 296 F.Supp. 1353 (D.C.).

Briefly, this view is based upon the following points: (1) the amendment to Rule 38(a) (2) is remedial in nature and should be liberally applied; (2) the Supreme Court specifically provided that the amendment "shall take effect on July 1, 1966, and shall govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending." Supreme Court's Amending Order, 383 U.S. 1089 (1966); (3) the effect of the amendment as to cases then pending was to extinguish all outstanding elections not to serve, Hodge v. United States, 41 F.R.D. 548 (S.D.Cal.1967); (4) petitioner's case was pending at the time the amendment became effective, his election was invalidated by that amendment, and 18 U.S.C. § 3568 appears to be applicable as to all time spent in custody.

Although no case directly in point has been found, the opinions from other jurisdictions in which the amendment to Rule 38(a) (2) has been discussed lend support to the decision we now make. It has been held that since the amendment is not retroactive, there is no *right* to credit for time in custody after election not to serve in cases which were closed prior to July 1, 1966 (although it would

not be improper to allow such credit), but those courts which have faced the problem generally have suggested that a different result would have followed if proceedings in the particular case had been pending when the amendment became effective. See, e. g., Gibson v. Sard, 129 U.S.App.D.C. 115, 391 F.2d 468 (1967); Cephus v. United States, 389 F.2d 317, 128 U.S.App.D.C. 366 (1967); United States v. Lawrenson, 383 F.2d 77 (4th Cir. 1967); United States v. Pruitt, 397 F.2d 502 (7th Cir. 1968); Sobell v. Attorney General, 400 F.2d 986 (3d Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968).

■ Proceedings in the instant case were still pending on July 1, 1966. The court therefore finds that petitioner's election not to serve was invalidated by the 1966 amendment to Rule 38(a) (2) and that he is entitled to credit for (1) the time spent in custody between election not to serve and release on bond, i. e., March 12–May 27, 1963, and (2) the time in custody from the time his bond was terminated until the date credit for custody time was first given, i. e., May 27–July 1, 1966. This is, of course, in addition to the pre- and post-sentence time prior to election, to which the Attorney General already has conceded petitioner is entitled.

Accordingly, petitioner shall be given credit for all time spent in custody in connection with the offense for which sentence was imposed.

It is so ordered.