**UNITED STATES of America,
Respondent,**

v.

**Henry MORTON, Petitioner.**

**No. 69 Civ. 2197.**

United States District Court
S. D. New York.

Jan. 14, 1970.

———◆———

Henry Morton, pro se.

Robert M. Morgenthau, U. S. Atty.,
U. S. Atty., III, Asst. H. Doyle by John
for the United States.

CANNELLA, District Judge.

The petitioner's pro se motion under Section 1361, Title 28, United States Code, seeking credit for one hundred eighty-five (185) days he spent in custody at the West Street Detention Center under an "Election Against Service of Sentence" is granted.[1]

On March 31, 1964, petitioner was found guilty of the possession and sale of heroin in violation of 21 U.S.C. §§ 173–174. Petitioner was thereafter sentenced to a term of imprisonment of ten years on April 21, 1964. Petitioner filed a Notice of Appeal on April 30, 1964. On May 8, 1964, petitioner executed an "Election Against Service of Sentence" under the then existing Rule 38(a) (2) of the Federal Rules of Criminal Procedure, thus permitting him to remain at the West Street Detention Center during the pendency of his appeal rather than be transferred to a permanent correctional institution. This procedure, which forced a defendant to serve "dead time" in a local jail in order to assist in the preparation of his appeal, was deleted from Rule 38(a) (2) by the 1966 Amendments to the Rules of Criminal Procedure. See 383 U.S. 1087 (1966). On November 9, 1964, petitioner, in effect, retracted his prior election and executed an "Election to Resume Service of Sentence." Therefore, petitioner was then transferred to the United States Penitentiary at Atlanta, Georgia, where he remains at this time. The petitioner's conviction was subsequently affirmed by the Court of Appeals for the Second Circuit on May 8, 1967. 376 F.2d 606 (2d Cir. 1967). It is for the period of time from May 8, 1964 to November 9, 1964 that the petitioner seeks credit.

The 1966 amendment to Rule 38(a) (2) has been specifically held not to have retroactive effect. Valcarcel v. United States, 409 F.2d 211, 213 (2d

---

1. Petitioner relies on Watkins v. United States, Docket No. 69 Civ. 669 (S.D.N.Y. April 14, 1969) (unreported) (Tenney, J.), in asserting jurisdiction under 28 U.S.C. § 1361. The court does not find

it necessary to pass upon the correctness of this assertion, since it is clear that petitioner could seek his relief under 28 U.S.C. § 2255.

Cir. 1969). However, the Supreme Court has ordered that the amendment "shall take effect on July 1, 1966, and shall govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending." 383 U.S. 1089 (1966). On July 1, 1966, an appeal was pending in this case. Affirmance of the petitioner's conviction did not come until May 8, 1967. United States v. Morton, 376 F.2d 606 (2d Cir. 1967), cert. denied, 389 U.S. 887, 88 S.Ct. 176, 19 L.Ed.2d 187 (1967). In Sobell v. Attorney General of United States, 400 F.2d 986 (3d Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968), the Third Circuit denied credit for time spend under an election since no proceeding was pending on July 1, 1966.[2] Credit was also denied in Valcarcel v. United States, 409 F.2d 211 (2d Cir. 1969), because there was no proceeding pending on July 1, 1966, and to give credit there would have had the effect of applying the amendment retroactively. However, the courts that have had an occasion to consider the applicability of the amendment to a case where an appeal was pending on the effective date have held that it applies. Wright v. Blackwell, 296 F.Supp. 1353 (N.D. Ga. 1969); Watkins v. United States, Docket No. 69 Civil 669 (S.D.N.Y. April 14, 1969) (unreported) (Tenney, J.); Hodge v. United States, 41 F.R.D. 548 (S.D.Cal.1966). Some courts have gone further and *allowed* a credit even though no appeal was pending on July 1, 1966.[3] See Gibson v. Sard, 129 U.S.App.D.C. 115, 391 F.2d 468 (1967); McCoy v. United States, 125 U.S.App.D.C. 202, 370 F.2d 224 (1966); Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967).

Therefore, in keeping with the spirit and intent of the 1966 amendment to 18 U.S.C. § 3568 and Rule 38(a) (2), and the Order of the United States Supreme Court relating thereto, it is ordered that the petitioner be given credit for the time served at the West Street Detention Center under his "Election Against Service of Sentence." [4]

So ordered.

2. Petitioner's reliance on Sobell v. United States, 407 F.2d 180 (2d Cir. 1969) (companion case to the 3d Cir. case), is misplaced, since it dealt with presentence time and not with time spent under an election.

3. This was done as a matter of discretion and *not* as a matter of right.

4. The United States Attorney has informed this court that petitioner's expected release date without the credit is December 13, 1970.