**Gerald Glen BOYDEN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–1679.

United States Court of Appeals, Ninth Circuit.

July 12, 1972.

Rehearing Denied Nov. 2, 1972.

**230**

Gerald Glen Boyden, in pro. per.

Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for respondent-appellee.

Before HAMLEY, BROWNING and CHOY, Circuit Judges.

PER CURIAM:

Gerald Boyden, a federal prisoner incarcerated in the Western District of Washington, seeks to obtain credit against his sentence for time spent in jail prior to the imposition of sentence and while his appeal was pending. His initial petition pursuant to 28 U.S.C. § 2255 was denied by the sentencing court in the Southern District of California on the merits in February, 1971. In February, 1972, Boyden filed a habeas corpus petition in the Western District of Washington seeking the same relief. The petition was denied, and Boyden appeals.

■ The petition was properly denied because Boyden had not alleged and could not prove that the remedy available to him in the Southern District of California was "inadequate or ineffective" as required by § 2255. Lack of success in the sentencing court does not render his remedy inadequate or ineffective. Application of Pierce, 246 F.2d 902 (9th Cir. 1957) (Denman, C. J., sitting alone); Waugaman v. United States, 331 F.2d 189 (5th Cir. 1964).

■ However, Boyden may renew his application to the sentencing court in the Southern District of California. Although "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner," 28 U.S.C. § 2255, the district court is under no compulsion to decline to entertain Boyden's second petition. Gomez v. United States, 396 F.2d 323 (9th Cir. 1968). The court may decline Boyden's petition if "the ends of justice would not be served by reaching the merits . . ." Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

■ The ends of justice appear to require that the sentencing court entertain Boyden's second petition. While Boyden is not entitled to receive credit for the time he spent in jail prior to the imposition of sentence, United States v. Whitfield, 411 F.2d 545 (8th Cir. 1969), he appears entitled to credit for the time spent in jail while his appeal was pending. Leyvas v. United States, 371 F.2d 714, 719 (9th Cir. 1967); Gibson v. Sard, 129 U.S.App.D.C. 115, 391 F.2d 468 (1967); United States v. Morton, 308 F. Supp. 751 (S.D.N.Y., 1970). Compare Sobell v. Attorney General, 400 F.2d 986, 990 (3rd Cir. 1968), in which the provisions of amended Fed.R.Crim.P. 38(a) (2) were inapplicable. Because Boyden's

appeal was pending on July 1, 1966, when the amended Rule became effective, he is entitled to its relief.

Affirmed without prejudice to renewal of the petition in the Southern District of California.