William **FULLER**, Plaintiff,

v.

**ATTORNEY GENERAL OF the UNITED STATES**

and

**Director, D. C. Department of Corrections, Defendants.**

**Civ. A. No. 80–0156.**

United States District Court, District of Columbia.

April 16, 1980.

Vannie Taylor, III, Neighborhood Legal Services, Washington, D.C., for plaintiff.

Oscar Altshuler, Asst. U.S. Atty., Washington, D.C., Margaret L. Hines, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

BRYANT, Chief Judge.

Mr. Fuller was convicted of various charges in the United States District Court for the District of Columbia on June 25, 1965 and was sentenced to concurrent terms of life imprisonment, five to fifteen years' imprisonment and ten to thirty years' imprisonment. Mr. Fuller was granted leave to appeal and on July 31, 1965 he signed a United States Marshal's form which said the following:

I, FULLER, William H., having been convicted and sentenced to imprisonment . . . and having given notice of appeal . . . hereby elect *not* to commence service of said sentence.

I understand that as a result of making this election I will not receive credit on my sentence *for time spent in jail or other place of detention awaiting the outcome of my appeal*, while this election remains in effect. [Appendix to January 17, 1980 Petition for Writ of Mandamus (emphasis in original).]

On July 5, 1966, almost a year after Mr. Fuller signed this form, he elected to continue service of his sentence. Between July 31, 1965 when he signed the form and July 5, 1966 when he rescinded it Mr. Fuller remained in custody of the District of Columbia Jail. On July 6, 1966 Mr. Fuller was transferred to Lorton Reformatory where he is still incarcerated. The United States Court of Appeals denied Mr. Fuller's appeal on November 20, 1967. Motion for rehearing *en banc* was denied September 26, 1968 and the United States Supreme Court denied *certiorari* on March 3, 1969. Mr. Fuller now seeks to disavow his "election not to commence service" and to receive credit for the 339 days he spent in jail while this election was in force.

At the time Mr. Fuller signed this election form Rule 38(a)(2) of the Federal Rules of Criminal Procedure provided that "a sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail." The Supreme Court amended Rule 38 effective July 1, 1966 by discarding the election not to serve provision. 383 U.S. 1089, 86 S.Ct. 231, 15 L.Ed.2d xcvii (1966). Mr. Fuller asserts that this abolition should nullify his election not to serve his sentence pending appeal.

To start with, this court is distressed that Mr. Fuller had to institute formal legal proceedings to receive credit for the 339 days he spent in the District of Columbia Jail. Virtually every court that has dealt with this issue, including the only court cited by the government in its Motion to Dismiss or in the Alternative for Summary Judgment, has suggested that the Department of Corrections give "heed to the spirit of the remedial amendment to Rule 38 [and grant] credit for time spent pending appeal." *Cephus v. United States*, 389 F.2d 317, 318 (D.C.Cir.1967) (per curiam); *see also Atkinson v. United States*, 418 F.2d 1311, 1314 (8th Cir. 1969) (per curiam); *Gibson v. Sard*, 391 F.2d 468, 470 (D.C.Cir.1967) (per curiam); *McCoy v. United States*, 370 F.2d 224, 225 (D.C.Cir.1966) (Leventhal, C. J.). Perhaps where Rule 38's spirit has failed the flesh will succeed.

When the Supreme Court amended Rule 38 to abolish elections not to serve it noted that such amendment "shall govern all criminal proceedings [after July 1, 1966] and so far as just and practicable all proceedings then pending." 383 U.S. 1089, 86 S.Ct. 231, 15 L.Ed.2d xcvii. Mr. Fuller signed his election not to serve form before the July 1, 1966 date, but his appeal was not resolved until at least November 20, 1967.[1] Therefore his case was "then pending" on July 1, 1966, the date the Supreme Court's amendment of Rule 38 took effect. This interpretation of "then pending" is in accord with that given by a host of courts.

---

1. This is the date Mr. Fuller's appeal was first denied. His motion for rehearing *en banc* was not denied until September 26, 1968 and *certiorari* was not denied until March 3, 1969.

*Wright v. Blackwell,* 304 F.Supp. 870, 871–72 (N.D.Ga.1969) (election not to serve extinguished when appeal pending on date of revision of Rule 38); *Atkinson v. United States,* 418 F.2d 1311, 1313–14 (8th Cir. 1969) (per curiam) (dictum) (court may apply the revised Rule 38 "if some aspect of the case was pending on the effective date of the amendment"); *see also Bujese v. United States,* 404 F.2d 615 (3rd Cir. 1968) (per curiam); *Leyvas v. United States,* 371 F.2d 714 (9th Cir. 1967); *Hodge v. United States,* 41 F.R.D. 548 (S.D.Cal.1967).[2] It is hereby,

ORDERED, that William H. Fuller be given full credit for the time he was incarcerated between his July 31, 1965 election not to serve and his rescission of that election on July 5, 1966.

**2.** Even if Mr. Fuller was not fortunate enough to have his appeal pending at the time of the revision of Rule 38 he would still be entitled to a hearing on the issue of whether he knowingly and voluntarily signed the election not to serve form. *United States v. Popeko,* 475 F.2d 1129, 1130 (5th Cir. 1973) (per curiam); *Davis v. United States,* 446 F.2d 847, 849 (7th Cir. 1971) (per curiam); *Bujese v. United States,* 404 F.2d 615 (3rd Cir. 1968); *United States v. Lawrenson,* 383 F.2d 77, 79 (4th Cir. 1967) (per curiam).

Furthermore, giving the poor a Hobson's choice of risking assignment to a distant prison during the time when their appeal is pending or languishing in a local prison without receiving credit for the time served raises serious constitutional questions. *McCoy v. United States,* 370 F.2d 224, 224–25 (D.C.Cir.1966) (Leventhal, J.) (dictum). This court does not reach these issues since Mr. Fuller is entitled to his time served under the terms of the Supreme Court's amendment of Rule 38. 383 U.S. 1089, 86 S.Ct. 231, 15 L.Ed.2d xcvii.