780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
SAILOR J. KENNEDY, Petitioner-Appellant,
v.
CALVIN R. EDWARDS, WARDEN, Respondent-Appellee.
 84-1645
 United States Court of Appeals, Sixth Circuit.
 11/13/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: JONES and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner is appealing from a judgment dismissing under 28 U.S.C. Sec. 2255 his petition for habeas corpus. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that petitioner was convicted in the U.S. District Court for the District of Alaska on three counts of making false statements to a federally insured bank under 18 U.S.C. Sec. 1014. He was sentenced to two-years' imprisonment on each count and fined. The sentences on Counts II and III were made concurrent with each other but consecutive to Count I.
 
 
 3
 Petitioner appealed his conviction to the U.S. Court of Appeals for the Ninth Circuit, raising the following issues: 1) that the indictment was multiplicitous because it charged three violations of Section 1014 when all statements were made to obtain a single loan; and 2) that it was duplicitous because it allowed conviction on County II for statements made in several separate documents. Upon consideration, the Ninth Circuit affirmed petitioner's conviction, holding that each of the false statements was a separate offense warranting separate punishment. United States v. Kennedy, 726 F.2d 546 (9th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 365 (1984).
 
 
 4
 Thereafter, petitioner was incarcerated at the Federal Correctional Institution at Milan, Michigan. On March 28, 1984, he filed the present application for a writ of habeas corpus in the U.S. District Court for the Eastern District of Michigan. He claimed that his sentences constituted multiple punishment for the same offense and thereby violated the Double Jeopardy Clause. In a memorandum opinion and order filed August 24, 1984, the district court denied petitioner's application on the basis that under Section 2255, petitioner's action must be filed in the sentencing court, i.e., the District of Alaska.
 
 
 5
 This timely appeal followed.
 
 
 6
 The last paragraph of 28 U.S.C. Sec. 2255 provides as follows:
 
 
 7
 An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
 
 
 8
 It is clear that a claim of multiplicity of sentences or double jeopardy is cognizable under Section 2255. Moody v. United States, 580 F.2d 238 (6th Cir. 1978). Therefore, unless a Section 2255 motion would be 'inadequate of ineffective,' petitioner must seek relief in his sentencing court.
 
 
 9
 The district court correctly ruled that petitioner's remedies in the District of Alaska are not 'inadequate or ineffective' within the meaning of Section 2255. Petitioner has the burden of demonstrating that the remedy is inadequate or ineffective. Von Ludwitz v. Ralston, 716 F.2d 528 (8th Cir. 1983). It is true that if petitioner presents an issue to the sentencing court which is identical to that raised on direct appeal, the sentencing court may deny post-conviction relief. Stephan v. United States, 496 F.2d 527, 528-529 (6th Cir. 1974), cert. denied, 423 U.S. 861 (1975). However, it appears that the claim petitioner intends to raise in his habeas action, i.e., double jeopardy, may not be identical to those presented on direct appeal. Further, the decision to deny relief remains discretionary with the district court, and the mere fact that petitioner may not succeed in the sentencing court does not render his remedies 'inadequate or ineffective.' Boyden v. United States, 463 F.2d 229 (9th Cir. 1972), cert. denied, 410 U.S. 912 (1973).
 
 
 10
 For the above reasons, the Court concludes that petitioner's appeal is frivolous and entirely without merit. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 11
 Our decision to reject petitioner's appeal is without prejudice to his right to pursue a proper claim for relief in the sentencing court.
 
 
 12
 Therefore, it is ORDERED that the judgment of the district court be and it hereby is affirmed.