Chas W. Atkinson, U. S. Atty., Fort Smith, Ark., for plaintiff.

Elry A. Welch, defendant, pro se.

**UNITED STATES of America, Plaintiff,**

v.

**Elry A. WELCH, Defendant.**

**Cr. A. No. 3769.**

United States District Court
W. D. Arkansas,
Texarkana Division.

Dec. 13, 1960.

JOHN E. MILLER, Chief Judge.

On December 1, 1960, the petitioner, Elry A. Welch, who is presently confined in the Federal Penitentiary at Leavenworth, Kansas, filed a motion in forma pauperis to vacate and set aside the judgment and sentence in this case pursuant to 28 U.S.C.A. § 2255.

The petition alleges the following facts:

On August 29, 1944, the defendant was indicted by the Grand Jury in this District on four counts. Count 1 charged that the defendant and one Mattie Lee Coe conspired to unlawfully transport in interstate commerce one Leon Lawhon who had been kidnaped. Counts 2 and 3 charged the defendant with unlawfully transporting in interstate commerce one Leon Lawhon who had theretofore been kidnaped, and Count 4 charged defendant with interstate transportation of a stolen automobile.

On November 17, 1944, defendant entered a plea of guilty to each of the four counts and was sentenced to 15 years on the indictment as a whole. On that same date he was delivered to the Miller County jail, and was subsequently transported on November 23, 1944, to the United States Penitentiary at Leavenworth, Kansas. A detainer was placed on the defendant by the State of Texas. In 1953 the defendant was transferred from the Federal Penitentiary at Leavenworth, Kansas, to the Federal Correctional Institution at Texarkana, Texas, and on October 13, 1953, he was conditionally released from that institution. On that same date the defendant was picked up by

the Texas State officials to serve the remainder of a Texas sentence in the Texas State Penitentiary. He was released from that institution on June 24, 1957. Soon after the defendant was discharged he reported to a federal parole officer at Hugo, Oklahoma, and made the required reports until he was again taken into federal custody on October 16, 1957, as a conditional release violator. On March 10, 1959, the defendant walked away from the federal prison honor farm in Missouri. He was subsequently apprehended on October 22, 1959, and upon entering a plea of guilty to the escape charge on March 11, 1960, the defendant was assessed an additional sentence of one year and a day, to begin at the expiration of the sentences then being served.

The defendant's contentions in the instant proceeding can best be summarized by quoting from his petition. At pages 1 and 2 he states:

"Petitioner respectfully believes that Title 28 U.S.C.A. Section 2255 Motion to Vacate and Set Aside Judgment and Sentence is his proper remedy. Petitioner is not attacking the legality of his original sentence in criminal case number 3769, but petitioner does sincerely believe that he has served more than sufficient time on his original 15 year Federal sentence and respectfully asks the above entitled and Honorable Court to grant him relief."

On page 3 he says:

"Petitioner contends that he should be given credit off of his 15 years Federal sentence from the time he was released to the Texas State Authorities from the Federal Correctional Institution at Texarkana on October 13, 1953, to the time he was discharged from the Texas State Penitentiary on June 24, 1957.

"Since petitioner was in continual custody from the time he was assessed his 15 year Federal sentence on November 17, 1944, until he was discharged from the Texas State Penitentiary on June 24, 1957 he con-

tends that he should be given credit off his 15 Year Federal sentence for all that time served."

On page 5 he states:

"According to petitioners Judgment and Commitment papers in criminal case number 3769, petitioner was sentenced to the custody of the United States Attorney General or his authorized representative to a term of 15 years imprisonment from this date on, on the indictment as a whole, but it is petitioner's honest and sincere belief that the Honorable sentencing Judge had no intention for petitioner to have to serve such a long time inside and outside of federal custody on his original 15 years federal sentence."

In support of his contentions the defendant relies upon the case of Wing v. Stewart, D.C.W.D.Mo.1948, 77 F.Supp. 257. At page 258 of that case, Judge Ridge said:

"Comity between the United States Government and the several States permits a Federal prisoner, with the consent of the United States, to be delivered to a State for service of a sentence in vindication of State laws. If such prisoner is released by the Federal Government during the time of service of a Federal sentence imposed upon him, confinement in a State Penitentiary will, of course, be computed as servitude under the Federal sentence."

In the instant case the defendant seeks to vacate and set aside the judgment and sentence of this court pursuant to 28 U.S.C.A. § 2255. The first paragraph of that section provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In commenting upon this section the Court of Appeals for this Circuit said in Johnston v. United States, 254 F.2d 239, 241:

"A motion to vacate judgment under Title 28 U.S.C.A. § 2255 must challenge the jurisdiction of the court, or must charge that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

It is clear from the petition filed in this case that the defendant does not question the jurisdiction of this court to have imposed the sentence in 1944; or that the sentence imposed was not within the limits authorized by law; or that the sentence imposed was in violation of his constitutional rights. Indeed, defendant states: "Petitioner is not attacking the legality of his original sentence in criminal case number 3769, but petitioner does sincerely believe that he has served more than sufficient time on his original 15 year Federal sentence and respectfully asks the above entitled and Honorable Court to grant him relief." What petitioner does contend is that his service in the Texas State Penitentiary during his period of conditional release from the federal institution should be counted toward the 15-year sentence imposed by this court. This is clearly a question of computation of time and, as such, this court has no jurisdiction to decide the issues under 28 U.S.C.A. § 2255. The petitioner's remedy, if any, must be sought from the Parole Board or by writ of habeas corpus from a judge of the jurisdiction within which he is presently confined. This court is without jurisdiction to issue a writ of habeas corpus if the person detained is not within the territorial jurisdiction of the court when the petition is filed. 28 U.S.C.A. § 2241; Ahrens v.

Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

Therefore, inasmuch as the petition and the files and records of the case conclusively show that the defendant is entitled to no relief in accordance with 28 U.S.C.A. § 2255, an order is being entered today dismissing the defendant's petition.