**Ivan L. DECKARD, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 58 Cr 287(2), 61 Cr 24(3).**

United States District Court
E. D. Missouri, E. D.

Nov. 2, 1966.

Ivan L. Deckard, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, District Judge.

This matter arises on the petition of Ivan L. Deckard for writ of error coram nobis nullifying his conviction for violation of 26 U.S.C. § 5841 (unregistered firearm) in a cause formerly before this Court and number 58 Cr 287(1). Petitioner also seeks credit for time spent in Federal custody prior to the trial in this Court of cause No. 61 Cr 24(3), in which he was convicted of violating 18 U.S.C. § 2314 (transporting forged draft). On February 1, 1961, petitioner was sentenced in these two causes and in cause No. 61 Cr 25(3) (escape). The sentences in 61 Cr 24(3) and 61 Cr 25 (3) were five years each, to run consecutively. Petitioner was sentenced to four years in 58 Cr 287(1), to run consecutively to the five-year terms. He has now served the sentence in cause No. 61 Cr 24(3) and is less than a year from the end of his service of that in 61 Cr 25(3). The four-year sentence imposed in cause No. 58 Cr 287(1) remains to be served.

Petitioner will have the valuable opportunity, when he reaches the last six months of imprisonment, to participate in the work-release program of the Atlanta, Georgia, Federal Penitentiary. By working at a newly acquired trade in his last six months in prison, petitioner could acquire experience, funds, and an assured job on the outside. This is im-

portant to him because he has a large family to support. However, as long as the judgment in cause No. 58 Cr 287(1) remains effective and on the books of his prison record he cannot begin such a work-release program. If petitioner's grounds for asking that the judgment be vacated are good, he will rather unfairly lose any chance to participate in this program unless he is allowed to attack the conviction prior to beginning the sentence under it.

Petitioner has had an earlier motion to vacate denied in cause No. 66 C 177(2), because 28 U.S.C. § 2255 does not allow such actions when the petitioner has not yet begun to serve the sentence and Federal Rule 35 relates to situations where only the sentence, not the conviction, is under attack. See Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959), Johnson v. United States, 334 F.2d 880 (6 Cir. 1964); Redfield v. United States, 315 F.2d 76 (9 Cir. 1963). Thus, petitioner brings this action for the extraordinary writ of error coram nobis charging that the statute, 26 U.S.C. § 5841, under which he was convicted in cause No. 58 Cr 287(1) is unconstitutional.

Petitioner charges, in essence, that 26 U.S.C. § 5841 requires all persons to whom it applies to incriminate themselves by registering as possessors of firearms. The statute requires every person possessing a "firearm" to register. It states that no person shall be required to register who acquires his firearm in specified ways covered by the chapter, if the chapter provisions in regard to such firearms have been satisfied. In other words, one need not register unless he has broken one of the provisions of the chapter.

■ Petitioner's position is not necessarily without merit. The Seventh and Ninth Circuits have held that 26 U.S.C. § 5841 requires self-incrimination to such an extent that it is unconstitutional as a violation of the Fifth Amendment. Dugan v. United States, 341 F.2d 85 (7 Cir. 1965); Russell v. United States, 306 F.2d 402 (9 Cir. 1962). However,

our own Eighth Circuit has declined to pass on the statute's constitutionality until the Supreme Court does so with uniform binding effect. Page v. United States, 282 F.2d 807 (8 Cir. 1960); and see Sipes v. United States, 321 F.2d 174 (8 Cir. 1963). This Court must, therefore, deny the motion for writ of error coram nobis.

■ Petitioner's motion for credit of time cannot be treated by this Court. Habeas corpus is the only proper judicial vehicle for the raising of such a motion, and it can be brought only in the judicial district where the petitioner is being held. 28 U.S.C. § 2241; United States v. Welch, 189 F.Supp. 517 (W.D.Ark. 1960); Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) Accordingly, the Court will enter an order denying without prejudice the motion for credit of time spent in custody.