**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Percy PRUITT, Defendant-Appellant.**

**No. 16646.**

United States Court of Appeals Seventh Circuit.

June 27, 1968.

---

Percy Pruitt, pro se.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, William P. Cagney, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, Chief Judge, and HASTINGS and KILEY, Circuit Judges.

HASTINGS, Circuit Judge.

Defendant Percy Pruitt appeals *pro se* from a final order of the district court denying his motion for correction of sentence, filed pursuant to Rule 35, Federal Rules of Criminal Procedure, Title 18, U.S.C.A. This cause was ordered submitted on the record and briefs, without oral argument.

Defendant was tried to the district court, jury trial having been waived, on a four-count indictment charging violations of the federal narcotics laws. He was found guilty and sentenced on April 6, 1963 to serve a total of six years imprisonment. He was represented by counsel at his trial.

On April 9, 1963, three days after sentence, defendant, pursuant to Rule 38(a) (2), as it existed prior to July 1, 1966 and at the time of sentencing,[1] elected not to begin serving his sentence and he so notified the district court in writing by letter.

*Two days later*, on April 11, 1963, defendant's trial attorney wrote to defendant and stated that he no longer desired to represent defendant.

On July 29, 1963, we appointed an attorney to represent defendant on his appeal from the conviction. The appeal was heard by this court and the conviction was affirmed April 9, 1964. United States v. Pruitt, 7 Cir., 331 F.2d 232.

On May 4, 1964, defendant's sentence began to run. The total elapsed time from April 9, 1963 to May 4, 1964 is 390 days. By his Rule 35 motion, defendant sought credit on his sentence for the 390 days he spent incarcerated in jail pending his appeal. This the district court denied and such denial is the subject of this appeal.

The principal question before us is whether a defendant who has signed an election not to begin serving his sentence, pursuant to Rule 38(a) (2) as it existed in 1963, is entitled to credit for the time he spent in jail pending the determination of his appeal.

It seems clearly established that, prior to the 1966 amendment to Rule 38(a) (2), the defendant's election not to begin serving his sentence serves to exclude credit for time spent in custody

---

1. In effect in 1963, Rule 38(a) (2) reads: "Imprisonment—A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

after sentence, such as while on appeal. See notes of the Advisory Committee on Criminal Rules proposing the 1966 amendment; the legislative history commenting on the effect of prior Rule 38(a) (2);[2] and Leyvas v. United States, 9 Cir., 371 F.2d 714, 718 (1967), and cases cited therein.

The reason for this interpretation is well stated in *Leyvas*, supra, at 718:

"The rule has long been recognized that where under Rule 38(a) (2), as it existed prior to July 1, 1966, a convicted person appeals and elects not to commence service of the sentence, he is deprived of the right to claim credit for the time spent in jail pending the disposition of the appeal. This is because, under 18 U.S.C. 3568, a sentence begins to run when the defendant is received at the place of service (citing cases). Thus, under Rule 38(a) (2), as it existed [prior to 1966 * * *], applicants seeking an order requiring the warden to give [them] credit on the sentence(s) for time spent in custody pending the appeal, have been uniformly denied. (citing cases)."

■ Additionally, defendant contends that his election was taken without the advice of counsel. However, he acknowledges that he wrote a letter to the district court on April 9, 1963, whereby he elected not to serve. At that time, defendant was represented by his trial counsel who two days later (April 11, 1963) wrote to defendant and stated he no longer desired to represent him. It would appear, with no showing to the contrary, that defendant acted *pro se* in making his election not to serve.

Further, as earlier mentioned, we appointed counsel to represent defendant on appeal. Had defendant desired legal advice on his election not to serve and had he acted thereon he could have taken steps to revoke his waiver and begun serving his sentence on or about July 29, 1963. See Shelton v. United States, 5 Cir., 234 F.2d 132, 134 (1956).

We have examined authorities cited by defendant and find them inapposite.

We hold that the district court correctly denied defendant credit on his sentence for the time spent in jail pending his appeal.

The order of the district court appealed from is affirmed.

Affirmed.

KILEY, Circuit Judge (concurring).

I concur in the result reached in this case.

The sole ground relied upon in the district court by defendant to support his motion was his contention that any person who is confined in jail prior to commencing the service of a jail sentence must be granted credit for that time against his sentence if the reason for the confinement was his inability to raise bail. This is the rule only with regard to pre-sentence confinement due to failure to raise bail. The rule as to confinement pursuant to an election not to serve made prior to the 1966 amendment of Rule 38(a) (2) is, however, that an election not to serve amounts to a waiver of any right to have time spent in jail following conviction and pending appeal credited against the sentence of the elector. The district court therefore properly rejected defendant's motion.

I reserve judgment with respect to the issue raised on appeal: whether Pruitt's election not to begin serving his sentence pending appeal was not intelligently made because at the time it was filed he had only an eighth grade education, had not seen his appointed counsel since his sentencing, was under the impression that his lawyer had removed himself from the case immediately after sentencing, and because he relied upon the advice of fellow prisoners in filing the election. These allegations were not

---

2. H.R.Rep. No. 2058, 86th Cong.2d Sess. 1960, U.S.Cong. Code and Ad.News, p. 3288. Also, H.R.Rep. No. 1541, 89th Cong.2d Sess. 1966, U.S.Cong. Code and Ad.News, pp. 2293, 2306.

before the district court and consequently are not before us now.

Had the allegations been made in support of the motion before the district court, a hearing could be required to determine whether defendant's election was made with a full understanding of the consequences which might follow.[1]

The district court, hearing the facts alleged, would not be required to find that Pruitt was properly advised of the consequences of making the election merely because the formal letter of withdrawal of Pruitt's appointed trial counsel was filed with the court two days after Pruitt's election was filed; or because an attorney was appointed to represent Pruitt on appeal 1½ months after the election was filed; or because Pruitt did not actively seek advice of counsel before filing the election.

Cummings, Circuit Judge, dissented in part.

1. The significance of the filing of such an election and the consequential importance of assuring that such elections have been made intelligently is demonstrated by the facts of this case. Here the filing of the election has resulted in the defendant's confinement in prison for a period of more than one year during which, but for the election, he would have been free.