Marcos **VALCARCEL**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 342, Docket 31133.

United States Court of Appeals Second Circuit.

Submitted Jan. 22, 1969.

Decided April 1, 1969.

---

Marcos Valcarcel pro.se.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, David A. Luttinger and Stephen F. Williams, Asst. U. S. Attys., of counsel, for appellee.

Before SMITH and HAYS, Circuit Judges, and HENDERSON, District Judge.*

HAYS, Circuit Judge:

Appellant, Marcos Valcarcel, was convicted on March 3, 1964 of two counts of violations of the federal narcotics laws, 21 U.S.C. §§ 173 and 174 (1964). He was remanded without bail pending the imposition of sentence and on March 26, 1964, he was sentenced to two consecutive 5-year terms of imprisonment.

On April 13, 1964, while still represented by trial counsel and after having filed a notice of appeal, Valcarcel executed an election against service of sentence pursuant to Rule 38(a)(2) of the Federal Rules of Criminal Procedure, as that Rule then read, 327 U.S. 858 (1944). He was thereafter confined, pending appeal, in federal detention headquarters in New York rather than in a federal penitentiary. The period of that confinement was not credited toward service of his sentence. On September 11, 1964, appellant elected to resume service of his sentence. His appeal was subsequently dismissed for lack of prosecution.

Valcarcel moved pursuant to 28 U.S.C. § 2255 (1964), to correct his sentence by crediting him with the 151 days served in federal detention headquarters after his execution of the election against service of sentence. The district court denied the relief without a hearing. We affirm.

* Of the Western District of New York, sitting by designation.

Appellant advances three reasons for declaring invalid his election against service of sentence and for crediting him with service of the 151 days: (1) he was experiencing narcotics withdrawal at the time he signed the election and was thus incompetent to understand the effect of signing; (2) he was not advised by counsel concerning the effect of signing the election, and the advisory assistant at federal detention headquarters who did advise him had no authority to do so; and (3) he did not understand when he signed the election that he would receive no credit for the time spent in the center because he had little education and understood little English.[1]

◼ Appellant's conclusory allegations that he was experiencing narcotics withdrawal at the time he signed the election against service of sentence are insufficient to justify a hearing. See Castellana v. United States, 378 F.2d 231, 234 (2d Cir. 1967). Moreover, the fact that he had been in post-trial custody for 41 days before he signed the election makes it quite unlikely that his allegations are true. See United States v. Aguillar, 387 F.2d 625 (2d Cir. 1967).

◼ Appellant's claim that in signing the election he acted without the advice of counsel can avail him nothing since at the time he signed the election, and for over a month thereafter, he was represented by the same attorney who represented him at trial and a month later new counsel took over for the purpose of prosecuting the appeal.

◼ Appellant's third contention, that he was hampered by an inability to understand English, is amply rebutted by the record.[2]

◼ Our recent decision in Sobell v. United States, 407 F.2d 180 (2d Cir. 1969), provides no support for appellant's position. The 1960 amendment to 18 U.S.C. § 3568 [3] (the section prescribing the method of computing the term of federal sentences of imprisonment), which mandated our decision in *Sobell*, dealt only with crediting prisoners with *presentence* time spent in custody. Not until enactment of the Bail Reform Act of 1966,[4] which again amended 18 U.S.C. § 3568, did Congress deal with the problem of postsentence time spent in custody, and Section 6 of the Bail Reform Act expressly provides that newly amended Section 3568 is not to be applied to sentences imposed before September 20, 1966. In addition, the 1966 amendment to Rule 38(a)(2), which abolishes the election procedure, took effect only on July 1, 1966, see 383 U.S. 1089 (1966), and does not apply retroactively.

◼ Finally, although the denial of credit may be unfair "it is not sufficiently invidious to reach constitutional proportions." Sobell v. Attorney Gen., 400 F.2d 986, 990 (3d Cir.), cert. denied 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968).

Affirmed.

1. It is not clear from appellant's *pro se* brief whether or not he has abandoned his third claim. Nonetheless, for purposes of finality, we treat the claim as if it has been properly preserved and raised before us.

2. For example, the district court at sentencing ordered the interpreter, through whom appellant had testified at the trial, to withdraw, and stated that the probation reports indicated that appellant's conversations with the probation officer had been in English and that appellant had attended public school in New York City.

3. Act of September 2, 1960, Pub.L.No. 86–691, 74 Stat. 738.

4. Pub.L. No. 89–465, 80 Stat. 214, codified in 18 U.S.C. §§ 3041, 3141–43, 3146–52, 3568 (Supp. III 1965–67).