**Douglas Cecil JOHNSON, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 23577.**

United States Court of Appeals
Ninth Circuit.

July 22, 1969.

Rehearing Denied Aug. 18, 1969.

Douglas Cecil Johnson, in pro. per.

Sylvan A. Jeppesen, U. S. Atty., Boise,
Idaho, for appellee.

Before HAMLIN, MERRILL and
ELY, Circuit Judges.

HAMLIN, Circuit Judge.

By reason of its particular facts,[1] we believe it proper to remand this case to the district court for purposes of holding a hearing. If the district court finds that appellant did not voluntarily, knowingly, and intelligently execute the election not to commence service of his sentence, or did not realize the effects of such election, then his application to the district court to reduce his sentence to the extent that may be proper should be granted.[2]

Rule 38(a) of the Rules of Criminal Procedure was amended subsequent to the time of appellant's conviction and to his election to commence the service of his sentence. That amendment eliminates the election not to commence service of sentence. The Supreme Court provided that such amendment "shall take effect on July 1, 1966, and shall govern all criminal proceedings thereafter commenced and so far as just, and practicable all proceedings then pending." 383 U.S. 1089. If the district court is unable to make the finding mentioned above, it may if it deems appropriate under all the circumstances,[3] consider whether it would be "just and practicable" to give consideration to this amendment insofar as it applies to appellant's case.

Appellant's contention that he was misled by his attorney as to the effect of his signing an election not to commence the service of his sentence was

1. Appellant was arrested July 15, 1964, and for want of bail fixed was confined in the county jail. On November 10, 1964, he was sentenced to a term of five years. On the same day, pursuant to Rule 38(a) as it then existed, appellant executed an election not to commence service of his sentence. On June 27, 1966, he signed a document electing to commence service of his sentence, and on July 15, 1966, he entered a federal penitentiary. Appellant was thus confined in a county jail for two years (118 days preconviction and the remainder post-conviction) before entering the federal penitentiary.

2. Cf. Aldridge v. United States, 9th Circuit, 1969, 405 F.2d 831.

3. Appellant's petition for certiorari was pending on July 1, 1966.

not presented in his petitions to the district court, but was first presented to this court in the briefs filed herein on appeal from the district court's order. In view of this new contention and in the interest of justice, the order of the district court is vacated and the case is remanded to that court for a hearing in accordance with this opinion.