**Truman Adonis WILLIAMS,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 25067.

United States Court of Appeals,
Ninth Circuit.

March 26, 1971.

Truman Adonis Williams, in pro per.

Otis L. Packwood, U. S. Atty., Keith L. Burrowes, Asst. U. S. Atty., Billings, Mont., for appellee.

Before DUNIWAY, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Petitioner appeals from the denial of his claim, made under 28 U.S.C. § 2255, that he should have been given credit for the time that he was in custody before sentence was imposed. We affirm.

Petitioner was given two 3-year consecutive sentences on May 31, 1966, one under 18 U.S.C. § 2312 (Dyer Act) and another under 15 U.S.C. § 902 (Firearms Act), since repealed. Both convictions carried possible maximum sentences of 5 years. Petitioner's direct appeal was affirmed by this court and the Supreme Court denied certiorari. Williams v. United States, 9 Cir., 1967, 381 F.2d 382, cert. denied 390 U.S. 960, 88 S.Ct. 1059, 19 L.Ed.2d 1157.

While petitioner's direct appeal was pending in this court, Congress, on June 22, 1966, amended 18 U.S.C. § 3568, governing credit for time in custody before the imposition of sentence. Before the amendment, credit for presentence custody was required only with regard to mandatory minimum sentences or where a maximum sentence was imposed. Lee v. United States, 9 Cir., 1968, 400 F.2d 185; Stapf v. United States, 1966, 125 U.S.App.D.C. 100, 367 F.2d 326; Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764. On the other hand, in cases involving no mandatory minimum and in which maximum sentence was not imposed, it was held that credit for time served would be "conclusively presumed" because a sentence shorter than the maximum made it mathematically possible that the sentencing judge gave credit in computing the sentence. Aldridge v. United States, 9 Cir., 1969, 405 F.2d 831; Bryans v. Blackwell, *supra*. As amended, Section 3568 eliminates these distinctions by requiring that the Attorney General give credit in all cases of presentence custody.

Petitioner filed a motion under Rule 35, F.R.Crim.P., seeking credit for eight months custody before his May 31, 1966 sentencing. The motion was denied by the District Court on September 22, 1967, and the denial was affirmed by this court. We held that relief was not available under the pre-1966 statute because petitioner was not given a maximum sentence and, in fact, the record established that the sentencing judge did give petitioner credit for his presentence period of custody at the time sentence was imposed. Williams v. United States, 9 Cir., 1968, 399 F.2d 492, 494.

In his current application under Section 2255, petitioner contends that the 1966 amendment to Section 3568 should be retroactively applied to cases on direct appeal at the time of the effective date of the amendment, September 20, 1966. However, Congress specifically provided that the amendment "shall be applicable only to sentences imposed on or after the effective date." Sec. 6, Pub.L. 89–465, 80 Stat. 217. Petitioner's sentence was imposed before the effective date of the amendment; he is therefore ineligible for the benefits accorded by it.

Affirmed.