**Fred DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 18861.

United States Court of Appeals, Seventh Circuit.

June 25, 1971.

Fred Davis, for petitioner-appellant.

William J. Bauer, U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before KILEY, CUMMINGS and STEVENS, Circuit Judges.

PER CURIAM.

Appellant Davis was convicted in the Federal District Court for the Northern District of Illinois of violating 21 U.S.C. § 174. He is presently serving a 20-year sentence at the federal penitentiary

at Leavenworth, Kansas. At the time of sentencing on November 30, 1959, the trial judge denied bail pending appeal of Davis's conviction. Pursuant to the provisions of Rule 38(a) (2) of the Federal Rules of Criminal Procedure then in effect,[1] he elected not to begin serving his sentence. The record does not show whether this election was oral or written. According to appellant, after making the election, his motion to this court for bail was denied and he was transferred from the Cook County jail to the county jail at Rockford, Illinois, where he remained during the course of his appeal. Subsequently he was transferred to Leavenworth. Appellant has not been given any credit for the 376 days he spent in custody prior to his arrival at the federal penitentiary.

Davis filed a *pro se* motion under Rule 35[2] of the Federal Rules of Criminal Procedure on April 6, 1970, seeking credit for the 376 days.[3] The district court denied the requested relief, relying on our decision in United States v. Pruitt, 397 F.2d 502 (7th Cir. 1968).

According to his motion, Davis was never advised that he would not be given credit for the time spent in "local custody" if he made a Rule 38(a) (2) election. He was, however, represented by counsel at the time and during the course of his appeal. His attorney advised him to make the election on the assumption that by electing not to serve he could remain at the Cook County jail where he would be more accessible to counsel.

At the time Davis was sentenced 18 U.S.C. § 3568, 62 Stat. 838, provided:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

Rule 38(a) (2) then provided that the execution of a sentence of imprisonment was stayed during the course of an appeal if defendant elected not to commence service. This was a change from the prior procedure under which execution was automatically stayed unless the defendant elected to commence service. See Notes of Advisory Committee on Rules accompanying 1948 version of Rule 38; Tilghman v. Hunter, 168 F.2d 946 (10th Cir. 1948); Baker v. United States, 139 F.2d 721 (8th Cir. 1944). Accordingly, Davis is entitled to credit for the time he served in "local custody" if his election was ineffective. If he had been sentenced after July 1, 1966, he would have received such credit automatically.[4]

---

1. "Imprisonment. A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

2. The Government has not challenged the appropriateness of appellant's proceeding under Rule 35. We note that the requested relief might also appropriately be sought pursuant to 28 U.S.C. § 2255. See Bujese v. United States, 404 F.2d 615 (3rd Cir. 1968). If Davis is entitled to the relief requested, it will be granted irrespective of his description of his motion. See United States v. Kent, 397 F.2d 446, 448 n. 1 (7th Cir. 1968) cert. denied 393 U.S. 1081, 89 S. Ct. 860, 21 L.Ed.2d 773.

3. Allowance of the credit might shorten his period of actual incarceration by more than three years. See 18 U.S.C. § 4202, and 84 Stat. 1292, repealing 26 U.S.C. § 7237(d).

4. The election procedure was abolished in 1966. A federal defendant is now entitled to automatic credit for all of the time he remains in custody while his appeal is pending. See 18 U.S.C. § 3568, 80 Stat. 217; F.R.Crim.P. 38(a) (2) as amended in 1966. However, the provision for automatic credit is not retroactive. Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326, 329 (1966); Sobell v. Attorney General, 400 F.2d 986, 990 (3rd Cir. 1968); see United States v. Pruitt, 397 F.2d 502 (7th Cir. 1968).

Our decision in *Pruitt* did not reach the question whether a defendant is entitled to a hearing on the voluntariness and intelligence of his Rule 38(a)(2) election. Pruitt did not allege that he was unaware of the consequences of his election.[5] This court declined to rule on the voluntariness of his act since he had not raised the issue in the trial court. See 397 F.2d at 504–505 (Kiley, J., concurring). Other circuits have held that a Rule 38(a)(2) election must have been made voluntarily and with a full understanding of its consequences to be binding. Johnson v. United States, 414 F.2d 807 (9th Cir. 1969) (per curiam); Bujese v. United States, 404 F.2d 615 (3rd Cir. 1968) (per curiam); Cephus v. United States, 128 U.S. App.D.C. 366, 389 F.2d 317 (1967) (per curiam). We think this requirement is appropriate. Since defendant has alleged that he was not advised that he would waive his right to credit for confinement during the course of his appeal by making the election, we believe a hearing is necessary.

Reversed and remanded.

For a discussion of the history of the sentence election procedure see 2 Wright, Federal Practice and Procedure, §§ 631–32.

5. Compare Valcarcel v. United States, 409 F.2d 211 (2d Cir. 1969), wherein the defendant in his petition for relief asserted that "he was not advised by counsel concerning the effect of signing the election," but apparently had received such advice from an advisory assistant at the federal detention headquarters.