**Gregory COMULADA, Petitioner-Appellant,**

v.

**G. W. PICKETT, Warden, Respondent-Appellee.**

**No. 71-1853.**

United States Court of Appeals, Seventh Circuit.

Jan. 12, 1972.

———◆———

Gregory Comulada, pro se.

Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., Eugene B. Culberson, Asst. U. S. Atty., Danville, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and STEVENS, Circuit Judge.

PER CURIAM.

Petitioner was sentenced by the United States District Court for the Southern District of New York on October 31, 1962, to fifteen years imprisonment and $20,000 fine for a narcotics offense. His conviction was affirmed by the Second Circuit Court of Appeals and certiorari was denied by the Supreme Court. While his appeals were pending, he was incarcerated in New York because he had elected not to commence his sentence in order to avoid being sent immediately to the Leavenworth, Kansas, penitentiary. Under the law as it then existed, such time served under an election not to commence service pending appeal was not credited toward the term required to be served under the sentence. See Davis v. United States, 446 F.2d 847 (7th Cir. 1971).

Petitioner argues that he did not knowingly, voluntarily, and with full understanding of the consequences, make the election not to begin his sentence. He thus seeks, on this habeas corpus petition, to have the time served pending appeal credited to his sentence.[1] Petitioner alleges that this would then have permitted his release in August, 1971.

The district court, without evidentiary hearing, found "that the petitioner was not uninformed of the consequence of his filing an election not to serve; that he was represented by counsel at all stages of the proceedings, and that the law of this circuit is that he should not be given credit for the time served under the election not to serve."

Except for a jurisdictional question which we resolve in petitioner's favor, we find our opinion in *Davis*, 446 F.2d 847 (June 25, 1971), controlling. We therefore reverse and remand with directions either to release petitioner or to hold an evidentiary hearing on whether the election not to serve was made knowingly, voluntarily, and with full understanding of the consequences.

 We first consider a jurisdictional issue not raised by either party. Arguably, the relief demanded should have been sought in a petition to the sentencing court under 28 U.S.C. § 2255 rather than by a habeas corpus petition. If so, we would be required to dismiss for lack of jurisdiction because § 2255 specifically prohibits the district court from entertaining a habeas corpus peti-

tion if § 2255 relief has not been sought. One purpose of § 2255 is to have the issues determined in the district where the records are and where any necessary witnesses or evidence would likely be, or, in general, to have the issues determined in the most convenient district court. Such policy would be best effectuated in this case by requiring a challenge such as we have here to be brought under § 2255. We do not, however, read the language of § 2255 as including the precise issue before us.

Petitioner here seeks an order requiring the warden to credit him with certain time served. He does not claim that "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. Nor does he collaterally attack the sentence itself or seek to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. He merely seeks a determination that certain time served should be applied to a sentence the validity of which he does not question. He is, in essence, arguing that when this credit is added to other credits for good behavior, his sentence has been served.

As the Second Circuit has said:

"There is merit to the argument that under 28 U.S.C. § 2255 an attack on a sentence, or an attempt to modify a sentence, should in the first instance be made to the sentencing court,

---

1. Petitioner seeks credit for time served between November 29, 1962, and December 16, 1962, and between March 28, 1963, and February 7, 1965. During the period between December 17, 1962, and March 28, 1963, he was by mistake incarcerated in the Leavenworth penitentiary. He filed a habeas corpus petition in the federal courts of Kansas and was returned to New York on or about March 28, 1963. Petitioner received credit for the time served between December 17, 1962, and March 28, 1963. Comulada v. Willingham, 351 F.2d 936 (10th Cir. 1965). The Government in the court be-

low argued, and the district court in its memorandum opinion seemed to accept the argument, at least in part, that the election issue was decided in the 1964 case in the Tenth Circuit. However, petitioner did not in that case argue that the election was involuntary or made without knowledge of the consequences. He argued there that the election was a "contract" which was voided because it was "broken" by the Government when he was transferred to Leavenworth in December, 1962. Thus, we do not read that case as deciding the issue before us.

whether or not we term the requirement strictly jurisdictional.

"However, since Zaffarano has made an additional claim, namely that his sentence has been served, and that his present custody by federal officials is therefore unlawful, the District Court had jurisdiction and was correct in passing on Zaffarano's application. The writ of habeas corpus is an incident of the federal judicial power conferred by the Constitution which provides in Article 1, § 9, cl. 2:

> The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.

The primary historic use of the writ of habeas corpus, embodied in the Constitution, as well as 28 U.S.C. § 2241, is to test the legality of a prisoner's current detention, whatever its other functions. Walker v. Wainwright, 390 U.S. 335, 336 [88 S.Ct. 962, 19 L.Ed.2d 1215] . . . Since in part at least the prisoner's attack on the legality of his detention is not an attack on the sentence imposed, but based on a claim that the sentence has been fully carried out it is to that extent outside the literal terms of Sec. 2255, and habeas corpus may lie," Zaffarano v. Fitzpatrick, 2 Cir., 404 F.2d 474, 477 (1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2130, 23 L.Ed.2d 766.

Two other courts are in accord with our view that a motion for credit of time is not a motion directed toward the sentence itself so as to be cognizable only under § 2255. Deckard v. United States, 260 F.Supp. 565, 566 (E.D.Mo. 1966), reversed on other grounds, 381 F.2d 77 (8th Cir. 1967); United States v. Welch, 189 F.Supp. 517, 519 (W.D. Ark.1960). Thus, we conclude that we do have jurisdiction to consider the voluntariness of the election issue on this habeas corpus petition.[2]

■ Turning to the merits, we cannot accept the district court's conclusion, without evidentiary hearing, that petitioner "was not uninformed of the consequences of his filing an election not to serve." The mere fact that he had counsel is not adequate to prove he was informed of the unusual consequences of the waiver form which he signed. Even if he had discussed the matter with counsel (in this case counsel apparently was not even present when the form was signed at the jail), counsel may merely have pointed out that signing would permit the petitioner to stay in New York rather than go to Kansas, and counsel may not have explained to petitioner that if he lost his appeal some two years hence he would have to serve his sentence without credit for time spent in jail in New York. Indeed, only under the rare circumstances where victory on appeal was virtually certain would it be advantageous for a prisoner to execute the election. In the ordinary case, the assumed benefit would be ability to consult with counsel. But if a defendant were aware that he might have to spend two additional years in prison, that face-to-face consultation with counsel on appeal is not nearly so important as such consultation at the trial level, and that he could correspond with counsel from the penitentiary, it is extremely unlikely that he would voluntarily and knowingly make an election not to serve. On the basis of the record before us, the likelihood that the election was in fact

2. Bujese v. United States, 404 F.2d 615 (3rd Cir. 1968), might be considered as contrary to our view. However, the exact circumstances under which that case arose was on an "application to reduce sentence" rather than for crediting certain time as time served under a sentence. It is true that petitioner here has labelled some of his papers as motions to "correct judgment." However, we place no reliance on the mere label. The essence of his complaint involves the computation of time served. We did not need to squarely decide the present issue in Davis v. United States, 446 F.2d 847 (7th Cir. 1971), and our footnote 2 at page 848 should not be read as having decided the issue contrary to our present resolution.

voluntary is so remote that we believe it should be presumed to have been involuntary and that the burden of proving voluntariness is upon the respondent.[3]

If the waiver was not voluntary, petitioner is entitled to his immediate release. If respondent is prepared to assume the burden of proving voluntariness, then a hearing should be held to determine if the election not to serve was made voluntarily and with a full understanding of its consequences. If such a hearing is held, the district court, in evaluating the evidence, should keep in mind the improbability that a fully informed defendant would make such election.

The order of the district court is reversed and the case is remanded for further proceedings consistent with this opinion. Our mandate shall issue in 10 days.

---

3. We emphasize that this presumption of involuntariness is directed only to the specific situation before us and not to situations such as an attack on a guilty plea or a confession in which the party asserting that his action was involuntary must assume the burden of proof.