**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul John CARBO, Defendant-
Appellant.**

No. 72-2399.

United States Court of Appeals,
Ninth Circuit.

Feb. 23, 1973.

John Paul Carbo, in pro. per.

William D. Keller, U. S. Atty., Lawrence W. Campbell, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and WEIGEL, District Judge.*

PER CURIAM:

Carbo appeals from an order denying his motion under Rule 35, F.R.Crim.P. to

---

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

correct and reduce sentence. We reverse.

On December 2, 1961, Carbo was sentenced to twenty-five years in prison. Notice of appeal was filed, and Carbo elected under Rule 38(a)(2) not to begin to serve his sentence. On May 16, 1962, he elected to begin serving the sentence. Carbo now seeks credit for the period between December 2, 1961, and May 16, 1962, that he spent in custody.

The district court denied Carbo's motion on jurisdictional grounds. The court held that a motion under Rule 35 is not the proper remedy. The court pointed out that there has been no showing that the sentence imposed is illegal. The petitioner is therefore limited to a motion to reduce sentence; however, that motion must be brought within 120 days of the finality of the judgment, and this time had elapsed. The court went on to state that if the motion were to be considered as a petition either for a writ of habeas corpus or for a writ of mandamus, it must be brought in the district where the petitioner resides (the district serving Marrion, Illinois). The court consequently held that it lacked jurisdiction to entertain the motion.

We do not disagree with the district court's holding that in this case a motion under Rule 35 is not available, or that habeas corpus may be an appropriate remedy. *See* Aldridge v. United States, 9 Cir. 1969, 405 F.2d 831. *See also* Comulada v. Pickett, 7 Cir., 1972, 455 F.2d 230. If Carbo were limited to habeas corpus, the district court would lack jurisdiction. However, there remains the question whether 28 U.S.C. § 2255 is available, and whether Carbo's motion under Rule 35 may be considered as an application for relief under § 2255. In similar situations, this court has treated § 2255 as an available remedy. Myers v. United States, 9 Cir., 1971, 446 F.2d 232; Williams v. United States, 9 Cir., 1971, 440 F.2d 684. So have other circuits. Davis v. United States, 7 Cir., 1971, 446 F.2d 847; Bujese v. United States, 3 Cir., 1968, 404 F.2d 615. We

accordingly hold that the district court should have treated the motion as an application for relief under § 2255, and therefore retained jurisdiction and decided the merits.

Reversed and remanded.