**UNITED STATES of America, Plaintiff,**

v.

**Danny L. GREEN, Defendant.**

**No. CR–R–78–24–ECR.**

United States District Court,
D. Nevada.

March 17, 1982.

Lamond R. Mills, U. S. Atty., Reno, Nev., for plaintiff.

Danny Green, in pro. per.

## ORDER

EDWARD C. REED, Jr., District Judge.

Movant, Danny Lee Green, has filed a motion for reduction or modification of sentence under Rule 35 of the Federal Rules of Criminal Procedure. Such motion has come before the Court on what appears to be a printed form. The factual basis for the motion is an alleged discrepancy which Green claims exists between the description of his conviction as appears on the Judgment and Commitment Order filed herein on April 22, 1980, and the actual terms of the plea agreement pursuant to which he pled guilty to Count II of the superseding indictment dated December 7, 1978.

The essence of Green's motion is whether his plea bargain was broken. This necessarily raises the companion issue of what relief should be awarded, if any, under *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). It is questionable whether these are appropriate grounds for relief under Rule 35 F.R.Cr.P. *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980). However, such is clearly a prop-

er ground for relief under 28 U.S.C. § 2255. *Correale v. United States*, 479 F.2d 944 (1st Cir. 1973). Since this Court is obligated to accord the pleadings of Green (currently in federal custody and appearing in pro per) liberal construction, the instant motion will be construed as a request for relief brought under 28 U.S.C. § 2255.

A brief view of the factual context from which Green's claim arises is necessary. Green was first charged, along with codefendant Reggie Berry, in a two count indictment filed on August 31, 1978. Berry subsequently pled guilty and Green thereafter failed to appear in further proceedings in the action. A superseding indictment was filed on December 7, 1978, naming only Green as defendant in the two counts contained therein. That indictment charged Green with violations of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2; that is, conspiracy to possess with intent to distribute heroin, possession with intent to distribute heroin and aiding and abetting. Sometime in December of 1979 Green was apprehended by California authorities and was later returned to this district for disposition of the pending actions against him which also included by this time an alleged violation of 18 U.S.C. § 3150 for his earlier failure to appear at trial.

On March 3, 1980, a hearing was held before this Court wherein Green pled guilty to Count II of the superseding indictment, dated December 7, 1978. Count II of that indictment reads as follows:

> On or about the 19th day of August 1978, in the Federal District of Nevada, Danny Green did unlawfully, knowingly and intentionally possess with intent to distribute approximately six ounces of heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code Section 841(a)(1), and Title 18 United States Code Section 2.

The reference to 18 U.S.C. § 2 is the allegation of aiding and abetting which Green now contends was not intended to be part of his plea bargain. Green's point is well taken. Any reasonable reading of the materials relevant to the plea of guilty given by Green to Count II—including the transcript of the proceedings on March 3, 1980, and the memorandum of the government's plea agreement, also dated March 3, 1980—indicate that the allegation of aiding and abetting under 18 U.S.C. § 2 was not understood by either the defendant or the government, or even the Court, to be a part of the offense to which Green agreed to plead guilty.

The government memorandum of the plea agreement sets forth in detail the offense to which Green agreed to plead guilty. There is no mention of 18 U.S.C. § 2 in that memorandum. The memorandum which has not previously been made a part of the record in this case shall be filed and docketed by the Clerk of this Court concurrent with the filing of this order. Likewise the transcript of the proceedings which occurred on March 3, 1980, indicate that all parties present at the hearing understood that Green was pleading guilty only to possession of heroin with intent to distribute. The following colloquy at the March 3, 1980, hearing, found at page 12 of the transcript, is illustrative:

> Q  As to Count II, how do you plead?
>
> A  Guilty.
>
> THE COURT: All right, the court record will reflect he has pleaded not guilty to Count I, and guilty to Count II of the superseding indictment of December 7th, 1978.
>
> At this time I'll ask the United States Attorney to please state the essential elements of the crime charged in Count II.
>
> MR. COON: Your Honor, the essential elements of Count II are three in number, first being that Defendant Danny Green possessed heroin, a Schedule I narcotic drug, a controlled substance; second, that the Defendant Danny Green did so possess with specific intent to distribute heroin, a Schedule I narcotic drug, a controlled substance; and, third, Defendant Danny Green did so knowingly and intentionally.
>
> THE COURT: Thank you.

And later at page 31–32:

THE COURT: Now, at this time I'll ask the United States Attorney to state the plea agreement, please.

MR. COON: Your Honor, the terms of the plea agreement are that Danny Green, the defendant, has agreed to plead guilty to Count II of the indictment, that's the superseding indictment filed on the 7th of December 1978, charging him with a violation of Title 21, United States Code Section 841(a)(1), that is, possession with the intent to distribute heroin.

The Government has agreed following imposition of sentence to move for the dismissal of Count I of the indictment charging a violation of Title 21, United States Code Section 846, conspiracy to possess with intent to distribute heroin.

The Government has further agreed, Your Honor, to move for the dismissal of an indictment filed on September 7, 1978, wherein the Defendant Green is charged with a violation of Title 18, United States Code Section 3150, namely, a failure to appear for trial.

The sentence to be imposed in this case, Your Honor, is to be left entirely to the discretion of the Court.

THE COURT: All right. You agree with that, Mr. O'Mara, as the correct statement of the plea agreement in this case?

MR. O'MARA: Yes, Your Honor, I do agree.

THE COURT: Do you understand, Mr. Green, the plea agreement which has just been recited by the United States Attorney?

THE DEFENDANT: Yes.

THE COURT: Is that statement of the plea agreement true and correct as far as you are concerned?

THE DEFENDANT: As far as I'm concerned, that's what I was told.

THE COURT: Are you agreeable to that as far as the settlement of that case is concerned, you agreed to that, is that right?

THE DEFENDANT: Yes, I agreed to it.

■ Because Green did plead guilty to Count II which contained the reference to 18 U.S.C. § 2 it is easy to see how the Judgment and Commitment Order entered on April 22, 1980, reflects that Green's conviction is for violation of 21 U.S.C. § 841(a)(1) (possession of heroin with intent to distribute) *and* 18 U.S.C. § 2 (aiding and abetting). While the inclusion of the reference to 18 U.S.C. § 2 on the Judgment and Commitment Order is obviously the result of an oversight or mistake, to allow the aiding and abetting portion of Green's conviction to stand would constitute a breach of his plea bargain with the Government.

■ Under these circumstances the Court has the option of either allowing Green to withdraw his guilty plea or to enforce the terms of the plea bargain. *United States v. American Bag & Paper Co.*, 609 F.2d 1066 (3rd Cir. 1979). In a case such as this where a technical violation of a plea agreement has occurred due to minor oversight and neglect, Green's plea agreement can easily be specifically enforced by striking the reference to aiding and abetting, 18 U.S.C. § 2, from his Judgment and Commitment Order of April 22, 1980, which superseded the Judgment and Commitment Order earlier entered on April 15, 1980.

It is significant to note that Green has not shown prejudice from the inclusion of the reference to 18 U.S.C. § 2 on his Judgment and Commitment Order. More importantly, the reference to 18 U.S.C. § 2 in Count II of the indictment had no effect on the sentence imposed by this Court on April 14, 1980. Though the Government prosecutor did make the Court aware of the existence of the 18 U.S.C. § 2 reference in Count II of the indictment moments before sentence was imposed on April 14, 1980, its presence had no bearing on the sentence actually imposed. The gravamen and essence of the charge to which Green pled guilty as understood by all concerned was possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Because it is conceivable that the continued existence of the reference to aiding and abetting, 18 U.S.C. § 2, may ultimately af-

fect future action taken by the U. S. Parole Commission, it is necessary that this Court enter the appropriate order.

IT IS, THEREFORE, HEREBY ORDERED that the following be stricken from the Judgment and Commitment Order entered on April 22, 1980: "18 U.S.C. § 2" and "Aiding and abetting".