842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Allen MEYERS, Defendant-Appellant.
 No. 87-3351.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1988.
 
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On June 3, 1986, defendant Meyers, following a guilty plea, was given an eighteen-month sentence for Interstate Transportation of a Stolen Motor Vehicle. 18 U.S.C. Sec. 2312. At the time of the theft, Meyers was released on a bond set by the United States District Court for Northern Alabama. Since the motor vehicle theft was a violation of Meyers' conditions of release imposed by the Alabama court, 18 U.S.C. Sec. 3147 required that an additional penalty be imposed by the sentencing judge in Ohio.[1] Judge Rice imposed an additional consecutive two-year sentence.
 
 
 2
 After sentencing, Meyers filed a timely Fed.R.Crim.P. 35 motion for reduction of sentence which was denied. On March 2, 1987, Meyers filed a motion to correct an illegally imposed sentence claiming that the section 3147 sentence could only be imposed by the Alabama court that ordered his release, that section 3147 should have been mentioned in his indictment, and that the the section 3147 prison sentence he received was not mandatory as stated by the sentencing judge. The district court also denied this motion and defendant raises the same issues on appeal.
 
 I.
 
 3
 Before addressing the issue raised on appeal, some preliminary procedural and jurisdictional matters must be discussed and resolved. This pro se defendant is appealing from the denial of a Rule 35 motion to correct an illegal sentence. However, no notice of appeal was filed within ten days of the entry of the order denying the motion.
 
 
 4
 A Rule 35 motion is a proceeding in the original criminal action in which a notice of appeal must be filed within ten days from the entry of the judgment or order appealed from. Fed.R.App.P. 4(b). United States v. Guiterrez, 556 F.2d 1217 (5th Cir.1977).
 
 
 5
 United States v. Russo, 760 F.2d 1229-30 (11th Cir.1985). We would thus have no jurisdiction to consider a Rule 35 motion. Since pro se prisoner pleadings are given a liberal construction, however, we elect to treat this as if defendant had filed a habeas petition to vacate sentence pursuant to 28 U.S.C. Sec. 2255. United States v. Carbo, 474 F.2d 698 (9th Cir.1973); United States v. Green, 543 F.Supp. 556 (D.Nev.1982).
 
 II.
 
 6
 Defendant's argument that only the Alabama court could impose the penalty required by 18 U.S.C. Sec. 3147 merits little discussion. The plain language of the statute is contrary to defendant's contention. Section 3147 is clear and unambiguous. It states that "[a] person convicted of an offense committed while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense...." In addressing this same issue, the district court, in United States v. Mesa, 641 F.Supp. 796, 797 (S.D.Fla.1986), stated:
 
 
 7
 This Court is convinced that a careful, reasonable examination of Section 3147 yields a plain, unambiguous meaning. The statute grants to the courts the power to enhance the penalty for an offense committed while on release under the Bail Reform Act of 1984.
 
 
 8
 As did the court in Mesa, we conclude that the section 3147 enhancement may be applied in connection with sentencing for the offense committed while the defendant was released on bail.
 
 III.
 
 9
 Defendant's argument that the indictment did not mention section 3147 or that the offense was committed while on bail might be meritorious if the circumstances were different. Meyers enterd a guilty plea and it is certainly a prerequisite to entering a valid informed plea that a defendant be made aware of the penalties to which he is exposed. Fed.R.Crim.P. 11(c)(1). It is clear from the record here, however, that the defendant was not only informed that he faced an enhanced sentence but was told it was mandatory. Under such circumstances the defendant had the requisite information as to the penalty he faced so as to proffer an intelligent and informed plea.
 
 IV.
 
 10
 Defendant's final argument is that the trial judge thought he had to give at least a two-year consecutive jail term under section 3147 and, thus, defendant was deprived of any chance for probation. There is merit to the argument because, at the time Meyers was sentenced, the Supreme Court had not yet decided Rodriguez v. United States, --- U.S. ----, 107 S.Ct. 1391 (1987). In Rodriguez, the Court held, in reversing the Second Circuit:
 
 
 11
 Section 3147 requires that those who commit felonies while on release be sentenced to a term of at least two years; Sec. 3651 authorizes sentencing judges to suspend execution of those sentences if probation would be more appropriate. Section 3147 is no different from many other federal statutes requiring minimum sentences, which have uniformly been held to be subject to the suspension authority of Sec. 3651.
 
 
 12
 The Court of Appeals rested its conclusion in part on the legislative history of the CCCA, noting that various Senate and House Reports referred to Sec. 3147 as establishing a "mandatory" sentence, as prescribing a "term of imprisonment of at least two years and not more than ten," and as "requir[ing] that the individual be imprisoned for an additional period of time." Even if unrebutted, these passing references would not constitute the "clear and manifest" evidence of congressional intent necessary to establish repeal by implication. In fact, however, the totality of the legislative history of the Act demonstrates with unusual clarity that no repeal was intended.
 
 
 13
 Rodriguez, --- U.S. ----, 107 S.Ct. at 1392-93 (citations omitted) (emphasis in original).
 
 
 14
 Since the sentencing judge here alluded more than once to the mandatory nature of section 3147[2] and the commitment order states that "on the mandatory sentence, the defendant is sentenced to two (2) years, pursuant to 18 U.S.C. Sec. 3147, we conclude that it is probable that the sentencing judge did feel that a mandatory jail term was required under section 3147.[3]
 
 
 15
 Accordingly, we VACATE that portion only of the sentence that relates to 18 U.S.C. Sec. 3147 and REMAND for resentencing. We, of course, intimate no opinion as to what sentence would be appropriate on resentencing.
 
 
 
 [1]
 18 U.S.C. Sec. 3147 reads as follows:
 A person convicted of an offense committed while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to--
 (1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; or
 (2) a term of imprisonment of not less than ninety days and not more than one year if the offense is a misdemeanor.
 A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.
 
 
 [2]
 THE COURT: All right, sir. Now, Mr. Meyers, do you understand that a plea of guilty to this charge could mean several things? It could mean a sentence of up to five years and it could mean a fine of up to two hundred fifty thousand dollars; do you understand that?
 THE DEFENDANT: Yes, sir.
 THE COURT: Do you also understand that pursuant to a federal statute, that in addition to the sentence which could be up to five years, that there is a mandatory sentence of two to ten years that you must serve; do you understand that?
 THE DEFENDANT: Yes, sir.
 THE COURT: Okay. Are you sure?
 THE DEFENDANT: Yes, sir. Yes, sir.
 THE COURT: Because if you don't, this is the time to tell me. Do you understand that?
 THE DEFENDANT: Yes, Sir.
 THE COURT: And you understand why that sentence is required?
 THE DEFENDANT: Yes, sir.
 THE COURT: And why is that, sir?
 THE DEFENDANT: Because of a federal bond I was released on.
 THE COURT: Because of the fact that you were on a federal bond and failed to appear?
 THE DEFENDANT: Yes, sir.
 THE COURT: So the worst that could happen to you as far as the sentence, in terms of years of sentence--and I'm not saying that it will happen but I am saying the worst that could happen would be a requirement that you serve seven to ten years. Do you understand that?
 THE DEFENDANT: Yes, Sir.
 THE COURT: Do you understand that even if I were to decide to place you on probation on the charge of interstate transportation of stolen motor vehicle, that I probably would have no choice but to impose sentence on the bond jumping matter; do you understand that?
 THE DEFENDANT: Yes, sir.
 
 
 [3]
 The district judge did mention probation not being appropriate at the time he imposed sentence but in context we conclude that he was referring to the stolen vehicle charge when the comment was made:
 THE COURT: The Court has read this report carefully. Assuming, as required by law, that both you and Ms. Kolotkin have reviewed it, either individually or together, I am not going to dwell on what the report shows. Suffice it to say that based upon what's here in this report, I do not feel that probation is a viable option.
 Accordingly, on the interstate transportation of stolen motor vehicle charge, the Court would remand the defendant to the custody of the Attorney General of the United States for a period of eighteen months.
 On the mandatory two to ten year sentence under Title 18 U.S.C. 3147, the Court would impose a two year sentence.
 These two sentences, one and a half years and two years, are to be served consecutively with each other, in other words, one after the other.